[Cite as *Kilroy v. Sheridan*, 2014-Ohio-1873.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| MICHAEL R. KILROY, et al., | : | **MEMORANDUM OPINION** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2013-P-0052** |
| MARK J. SHERIDAN, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2012 CV 00362.

Judgment: Appeal dismissed.

*Aaron J. Heavner*, P.O. Box 248, 228 W. Main Street, Ravenna, OH 44266 (For Plaintiffs-Appellants).

*Mark V. Guidetti*, and *Denise E. Sheridan*, Joseph W. Diemert Jr., & Assoc. Co., LPA, 1360 S.O.M. Center Road, Cleveland, OH 44124 (For Defendants-Appellees).

THOMAS R. WRIGHT, J.

{¶1} This appeal is from an order granting summary judgment in favor of appellees, Mark J. and Denise E. Sheridan, on appellants' declaratory judgment claim. Appellants, Michael R. and Danielle B. Kilroy, argue for reversal primarily because the trial court did not address the substance of their arguments and did not declare the rights and responsibilities of the parties. Although appellants are not entitled to

reversal on such grounds, the failure to declare the parties' rights requires dismissal of this appeal for the lack of a final appealable order.

{¶2} This case involves an easement dispute between adjacent landowners. Appellees own residential property with a swimming pool enclosed by a fence. According to them, an enforceable easement exists that permits them to use a portion of the abutting land, owned presently by appellants, as part of the fenced-in area for the pool. Since the purported easement would be advantageous for appellees' land, their property is referred to as the "dominant" parcel, and appellants' land is referred to as the "servient" parcel.

{¶3} Pursuant to the parties' evidentiary materials, the following basic facts are uncontroverted. The swimming pool was originally built upon the dominant parcel in 1977. At that time, the dominant parcel was owned by Guy and Frances Gentiluomo, while the servient parcel was owned by Dan and Mary Schipfer. The Gentiluomos believed that, in order for the pool to comply with existing zoning requirements, it was necessary for part of the fenced-in pool area to extend upon the Schipfer property. Thus, the Gentiluomos asked whether they could use a section of the Schipfer land as part of the swimming pool area. In response, the Schipfers granted the Gentiluomos an easement.

{¶4} The easement continued as an oral agreement over the next fifteen years. However, in 1993, the Gentiluomos began to consider the possibility of selling their interest in the dominant parcel. As a result, they asked Mary Schipfer, who was now a widow, whether she would agree to put their oral agreement into writing. When Mary

2

agreed, the written easement was prepared, duly executed, and then recorded at the county recorder's office in April 1994.

{¶5} The recorded document expressly provided that Mary Schipfer was granting an easement to Frances Gentiluomo for valuable consideration. However, the document conditioned the continuing use of the easement upon two requirements. First, the easement would only exist "for so long as Grantee operates a swimming pool within the easement." Second, the grantee could not place upon the easement land any pavement, building, or permanent improvement except for any fence that was substantially similar to the existing fence. Finally, the document stated that the easement was intended for the benefit of the dominant parcel, and would "run with the land" in the future.

{¶6} Approximately fourteen months later, appellees purchased the dominant parcel from the Gentiluomos. Over the next sixteen years, they continued to maintain a swimming pool on their property in the same place as the Gentiluomos. Moreover, they continued to maintain the strip of land covered by the easement, including cutting the grass and trimming the trees.

{¶7} In November 2011, appellants purchased the servient parcel from Mary Schipfer. Over the next few months, appellants noticed that appellees did not use the easement area for any purpose associated with the swimming pool. Accordingly, they approached appellees about the possibility of moving the existing fence from its present location to the property line. When appellees rejected their overtures, appellants filed the underlying action for a declaratory judgment.

3

{¶8} Under their sole claim, appellants alleged that, pursuant to the terms of the written easement, appellees were required to maintain the actual swimming pool within the easement area. They further alleged that, since no part of the existing pool touches the easement area, a condition of the easement has never been satisfied. Based upon this, appellants sought a declaration that the written easement was invalid and unenforceable.

{¶9} After answering the complaint, appellees moved for summary judgment on the sole claim in March 2013. As the primary basis for their motion, appellees argued that the easement was binding upon appellants because they had actual or constructive notice of the 1994 recorded document. In regard to the "swimming pool" condition, appellees contended that the terms of the written easement only required them to maintain and operate a pool upon the dominant parcel. Therefore, according to appellees, they were in full compliance with the condition because they were maintaining the pool in the same location it had been since 1977.

{¶10} In their response to the summary judgment motion, appellants agreed that they had actual notice of the existence of the written easement. Nevertheless, they argued that summary judgment still could not be granted because the written easement had three ambiguities that the trial court was obligated to interpret under the declaratory judgment claim. For example, appellants maintain that the written easement was ambiguous concerning whether appellees could continue to use the easement area when the entire swimming pool was located on the dominant parcel. In addition, they argued that ambiguities existed as to the exact location of the easement and whether the easement was intended to "run" with the dominant parcel.

4

{¶11} After appellees submitted a reply brief, the trial court issued its decision granting the motion for summary judgment and terminating the case. As part of its legal analysis, the court acknowledged that appellants had raised arguments about the proper interpretation and application of the written easement; nevertheless, the merits of the three "ambiguity" arguments were never addressed. Instead, the court held that appellees were entitled to prevail because appellants purchased the servient parcel with actual acknowledge of the recorded easement.

{¶12} In appealing the summary judgment determination, appellants raise two assignments of error for review:

{¶13} "[1.] The trial court erred in granting summary judgment due to the existence of genuine issues of material fact.

{¶14} "[2.] The trial court erred by not making a declaration regarding the rights and obligations of the parties with respect to the easement, when an actual controversy existed, by granting the defendants-appellants' motion for summary judgment on the issue of notice."

{¶15} The scope of our appellate jurisdiction is limited to reviewing final orders or judgments; thus, as part of our review of any appeal, we must first determine whether our jurisdiction has been properly invoked. *Inwood Village, Ltd. v. Cincinnati*, 1st Dist. Hamilton No. C-110117, 2011-Ohio-6632, ¶6. Upon engaging in this preliminary analysis in this case, this court concludes that the trial court's summary judgment ruling is not a final appealable order because, in granting summary judgment, it did not declare the rights and responsibilities of the parties. Accordingly, since we

5

lack jurisdiction over this appeal, the substance of their two assignments cannot be addressed.

{¶16} Nevertheless, this court would note that our "final order" analysis is based upon a point raised by appellants under their second assignment. Without referring to its effect on the question of finality, appellants argue that, regardless of its disposition of the "notice" issue, the trial court could not end its analysis there; instead, in order to rule upon their entire claim for relief, it was obligated to resolve all ambiguities in the written easement and declare the rights of the parties.

{¶17} Initially, the record demonstrates that there was no dispute as to whether appellants had been afforded valid legal notice of the written easement. In fact, their complaint contained an express admission that the written easement, as executed by Mary Schipfer, was recorded at the county recorder's office. Moreover, as part of their response to the summary judgment motion, appellants again admitted that they had notice of the easement when they purchased the servient parcel in November 2011.

{¶18} As previously noted, appellants' complaint cited only one issue for review under their declaratory judgment claim. That issue was whether the written easement had a condition that required the owners of the dominant parcel to always maintain the actual swimming pool inside the easement area. For purposes of summary judgment, appellants contended that the meaning of the "swimming pool" language in the written easement was ambiguous, and that if the language is interpreted to require that the pool be located within the easement area, the condition was never satisfied because the pool has always been situated totally within the dominant parcel.

{¶19} In asserting the "swimming pool" issue, appellants were not challenging whether the written easement was duly executed and properly recorded in 1994, so as to give all subsequent buyers of the servient parcel notice of its existence. Rather, they were contending that, depending upon how the "swimming pool" term was interpreted, the easement might not be enforceable against them because the swimming pool was not located in the necessary location. In other words, the "swimming pool" requirement constituted a separate condition to the validity of the easement. To this extent, the trial court's resolution of the "notice" issue did not render the "swimming pool" issue moot.

{¶20} The foregoing analysis also applies to the remaining two issues raised by appellants in their response to the summary judgment motion; i.e., the resolution of the "notice" issue did not excuse the need to interpret the terms of the written easement in regard to the exact location of the easement and whether the easement was intended to "run" with the land. Therefore, as to all three issues asserted by appellants, the trial court was required to decide whether any ambiguities existed in the written easement, consider any parol evidence necessary to resolve an ambiguity, if any, and issue a judgment setting forth the proper construction of the easement and declaring the rights of the respective parties.

{¶21} As a general proposition, "the declaratory judgment statute provides that a person interested under a deed may have determined any question of construction or validity arising under the instrument and obtain a declaration of rights, status, or other legal relations under it. R.C. 2721.03. A plaintiff is entitled to a declaration of rights, rather than a dismissal, unless there is no real controversy between the parties or a declaratory judgment will not terminate the controversy." (Citation omitted.) *Snyder v.*

*Ohio Dept. of Natural Resources*, 7th Dist. Jefferson No. 11 JE 27, 2012-Ohio-4039, ¶35.

**{¶22}** Given the specific purpose of a declaratory judgment action, a judgment in such a case will not constitute a final appealable order unless it expressly declares the rights and responsibilities of the parties. *Id.*; *DeAscentis v. Margello*, 10th Dist. Franklin No. 04AP-4, 2005-Ohio-1520, ¶23. """[A] court fails to fulfill its function in a declaratory judgment action when it disposes of the issues by journalizing an entry merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document or law under construction.""" *Nickschinski v. Sentry Ins. Co.*, 88 Ohio App.3d 185, 189 (8th Dist.1993), quoting *Waldeck v. N. College Hill*, 24 Ohio App.3d 189, 190 (1st Dist.1985).

**{¶23}** In this case, appellants' factual allegations were sufficient to establish the existence of a real controversy as to the proper construction of the written easement. As a result, the trial court had a duty to state the proper construction of the document and declare the parties' rights and obligations in regard to the easement. The failure to fulfill this requirement mandates dismissal of the appeal, since the summary judgment ruling is not a final order under R.C. 2505.02(B). *DeAscentis*, 2005-Ohio-1520, at ¶24.

**{¶24}** Consistent with the foregoing analysis, this appeal is hereby dismissed for lack of a final appealable order.


CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

8