OPINION
{¶ 1} Plaintiffs-appellants Gregory Smith, et al. ("the Smiths") appeal the June 17, 2005 entries, and July 6, 2005 entries entered by the Fairfield County Court of Common Pleas, Domestic Relations Division, which granted Orval Fields' Motion for Reappointment as Guardian Ad Litem for Appeal Purposes, and Motion for Allocation of Fees. Defendants-appellees are Eugene Quigg, et al. ("the Quiggs").
 STATEMENT OF THE CASE[1] {¶ 2} Via Findings of Fact and Conclusions of Law filed December 21, 2004, the Fairfield County Court of Common Pleas, Domestic Relations Division, granted custody of Izaak Jaden Ocean Smith (DOB 4/26/98) to his maternal grandparents, the Quiggs. The trial court found the conduct of the Smiths, Izaak's paternal grandparents, "clearly reflected that they are unsuitable for the care, custody and control of this child." December 21, 2004 Findings of Fact and Conclusions of Law at 50. Gavin Smith, Izaak's father, and the Smiths filed timely Notices of Appeal of the trial court's decision, which are represented as Fairfield App. Case Nos. 05-01 and 05-02.
 {¶ 3} Subsequently, on February 3, 2005, the guardian ad litem filed a Motion for Allocation of Guardian Ad Litem Fees, requesting the trial court order the Smiths and father pay an additional retainer in the amount of $2500 for additional time and expenses he "anticipates" will be incurred in the matter. The trial court granted the guardian ad litem's motion via Entry filed the same day. The Smiths filed a memorandum contra. The trial court filed an Entry on February 23, 2005, denying the guardian ad litem's motion and vacating its February 3, 2005 Entry.
 {¶ 4} On April 18, 2005, the guardian ad litem filed motions for allocation of fees in this Court in Fairfield App. Case Nos. 05CA1 and 05CA2, requesting an additional retainer of $5,000 for additional time and expenses he "anticipates" being incurred in the matter. The Smiths again filed a memorandum contra the guardian ad litem's request. The Quiggs filed a memorandum in support of the guardian ad litem's request. Via judgment entries filed May 13, 2005, this Court overruled the guardian ad litem's motion, and remanded the matter to the trial court for consideration of appointment of the guardian for purposes of appeal. On May 23, 2005, the guardian ad litem filed a Motion for Re-appointment of Guardian Ad Litem and Motion for Allocation for Guardian Ad Litem Fees in Fairfield App. Case Nos. 05-CA-1 and 05-CA-2. The trial court granted the motions, executing entries filed under the appellate case numbers, rather than the trial court's case number. Via Judgment entries filed June 13, 2005 in Fairfield App. Case Nos. 05-CA-1 and 05-CA-2, this Court vacated the trial court's entries and remanded both motions to the trial court for further consideration.
 {¶ 5} On June 17, 2005, the guardian ad litem filed a Motion for Re-appointment of Guardian Ad Litem, and Motion for Allocation of Guardian at Litem Fees in Fairfield App. Case Nos. 05-CA-01, and 05-CA-02. On the same day, the trial court again executed judgment entries under the appellate case numbers, granting the guardian ad litem's motions. The Smiths filed Notices of Appeal from these entries, which are represented as Fairfield Appellate Case Nos. 05-CA-61, and 05-CA-62.
 {¶ 6} On July 6, 2005, the trial court executed an entry, under its own case number, reappointing the guardian ad litem, and ordering the Smiths to pay $5,000 to the guardian ad litem. The Smiths filed a Notice of Appeal from this entry, which is represented as Fairfield App. No. 05-CA-79.
 {¶ 7} The Smiths raise the identical assignments of error in all three appeals, to wit:
 {¶ 8} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING AN ORDER FOR APPELLANTS TO PAY $5,000 WHEN THE SMITHS WERE NOT GIVEN AN OPPORTUNITY TO DEFEND.
 {¶ 9} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING AN ORDER REAPPOINTING THE GUARDIAN AD LITEM IN THE TRIAL CASE BECAUSE NO CAUSE WAS SHOWN AND THE MOTION WAS MERELY A REQUEST FOR MORE MONEY FROM THE APPELLANTS, GREG AND JOYCE SMITH WITHOUT ANY STATED PURPOSE."
 {¶ 10} The guardian ad litem asserts the trial court's July 6, 2005 Entry is not a final appealable order; therefore, this Court lacks jurisdiction to review the Smith's appeals.[2]
Because a final appealable order is a prerequisite for this Court to exercise its jurisdiction, we address this issue first.
 {¶ 11} Ohio law provides appellate courts have jurisdiction to review only final orders or judgments. See, generally, Section3(B)(2), Article IV, Ohio Constitution; R.C. 2505 .02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. R.C.2505.02 states, in relevant part: "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: * * * (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment; * * *". The trial court's reappointment of the guardian ad litem and allocation of fees were made after its determination of custody, i.e., "upon summary application in an action after judgment"; therefore, we find the July 6, 2005 Entry was a final, appealable order and this Court has jurisdiction to review the Smith's assignments of errors.
 I {¶ 12} In their first assignment of error, the Smiths maintain the trial court abused its discretion in ordering them to pay an additional $5,000 to the guardian ad litem. Specifically, the Smiths assert they were given no opportunity to defend the trial court's allocation of guardian ad litem fees; therefore, were not afforded the proper due process.
 {¶ 13} As a general rule, when reviewing a trial court's order regarding compensation to a guardian ad litem, an appellate court applies the abuse of discretion standard of review.Robbins v. Ginese (1994), 93 Ohio App.3d 370, 372. This Court has previously held, "Inherent in the trial court's authority to appoint a guardian ad litem and tax the fees as costs is the authority to set a reasonable value for the services rendered."Beatley v. Beatley, Delaware App. No. 03CAF02010, 2003-Ohio-4375 at ¶ 7.
 {¶ 14} The Quiggs rely on Beatley, surpa, in support of their position the trial court did not abuse its discretion in allocating additional fees to the guardian ad litem. We disagree. In Beatley, the trial court approved the guardian ad litem's request for fees for services already rendered. Herein, the guardian ad litem was seeking fees in anticipation of additional time and expenses which could possibly be incurred. We find this distinction to be determinative. It is inherently unfair to tax fees as costs when work has not yet been performed, and the reasonableness cannot be evaluated.
 {¶ 15} The Smiths' first assignment of error is sustained.
 II {¶ 16} In their second assignment of error, the Smiths' assert the trial court abused its discretion in granting an order reappointing the guardian ad litem. We disagree.
 {¶ 17} Pursuant to Civ. R. 75(B)(2), "[w]hen it is essential to protect the interests of a child, the court may join the child of the parties as a party defendant and appoint a guardian ad litem and legal counsel, if necessary, for the child and tax the costs." The appointment of a guardian ad litem is left to the sound discretion of the trial court. Newman v. Newman (Dec. 9, 1996), Perry App. No. CA-96-28, unreported. The trial court's re-appointment of Orval Fields will not be reversed absent a showing of abuse of discretion.
 {¶ 18} Upon review of the entire record in this matter, we do not find the trial court abused its discretion in re-appointing the guardian ad litem for appellate purposes pursuant to the guidelines set forth in Civ.R. 75 (B)(2).
 {¶ 19} The Smiths' second assignment of error is overruled.
 {¶ 20} The judgment of the Fairfield County Court of Common Pleas is affirmed in part and reversed in part and remanded for further proceedings.
Hoffman, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed in part, reversed in part and remanded for further proceedings in accordance with our opinion and the law. One-half of costs are assessed to appellants and the balance of costs are waived.
[1] Because this action is limited to the appeals relative to the re-appointment and allocation of fees to the guardian ad litem, a statement of the facts of the underlying case is not necessary for our disposition. For a thorough factual and procedural history of this case, please see this Court's opinions in Smith v. Quigg, Fairfield App. No. 05-60, unreported; andSmith v. Quigg, Fairfield App. No. 05-61, unreported.
[2] The guardian does not make any reference to the judgment entries executed by the trial court, but filed in Fairfield App. Nos. 05-CA-01 and 05-CA-02 although the Smiths have appealed those entries as well.