[Cite as *Peavy v. Thompson*, 2011-Ohio-1902.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| BENJAMIN WAYNE PEAVY, et al. | C.A. No.    25440 |
| Appellants | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| VIKILYN THOMPSON, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No.    2006 CV 71 |

DECISION AND JOURNAL ENTRY

Dated: April 20, 2011

---

BELFANCE, Presiding Judge.

{¶1}   Appellant, Benjamin Wayne Peavy, administrator of the estate of Hattie P. Dykes, appeals the judgment of the Summit County Court of Common Pleas, Probate Division. This Court dismisses for lack of jurisdiction because the trial court did not enter a final judgment on the complaint and counterclaims.

I.

{¶2}   Appellant Benjamin Wayne Peavy is the nephew of Hattie P. Dykes, decedent, and the administrator of her estate. Appellee Grace Richardson is Hattie's niece. Appellee Vikilyn Thompson is Grace's daughter and Hattie's great-niece.

{¶3}   Hattie's husband predeceased her many years ago and her brother Homer lived with her from that time until his death in 2002. A few months before Homer's death, Hattie was diagnosed with dementia. From that time until her death, Hattie developed increasingly severe Alzheimer's disease.

{¶4}    According to Grace, she had always had a close relationship with Hattie. After Homer's death, Hattie asked Grace to take care of her. Grace agreed that she and the rest of her family would care for Hattie. Shortly thereafter, Hattie executed a power of attorney naming Grace as her attorney-in-fact. Hattie later executed a will naming Grace as the sole beneficiary of her estate.

{¶5}    Vikilyn Thompson moved into Hattie's house after Homer's death and assisted in providing care for Hattie. Vikilyn was not paid for the services she provided to Hattie, although household expenses were generally paid out of Hattie's checking account. Lanay Washington also provided care for Hattie and was paid from Hattie's checking account. Thelma Washington handled Hattie's checking account until she moved out of state, when Sarita Joseph took over handling the checking account. Lanay Washington, Thelma Washington, and Sarita Joseph, like Vikilyn Thompson, are Grace Richardson's children.

{¶6}    Hattie was moved to hospice care in early 2005 and passed away three months later. Her will was admitted to probate in October 2005. Hattie's heirs under the intestacy statute commenced the case now before the court as a will contest and declaratory judgment action in May 2006.

{¶7}    In May 2008, the court found that the will was invalid because it was not properly witnessed. Benjamin Peavy, as administrator of the Dykes estate, then filed an amended complaint against Grace and her daughters, seeking an accounting and a declaratory judgment. In her response to the amended complaint, Vikilyn Thompson asserted four counterclaims, essentially seeking payment for services she rendered to Hattie during the time she lived in Hattie's house.

{¶8} In January 2009, the court proceeded to trial on all claims. After considering testimony and other evidence, the trial court entered an order on May 20, 2010. The order contains extensive factual findings and concludes "Judgment is hereby granted in favor of Defendants." Benjamin Peavy then filed the instant appeal from the May 20, 2010 order, in which two assignments of error are presented.

II.

{¶9} This Court is obligated to raise, sua sponte, questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.* (1972), 29 Ohio St.2d 184, 186. This Court has jurisdiction to hear appeals only from final orders and judgments. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02; R.C. 2505.03. This Court must dismiss an appeal for lack of subject matter jurisdiction in the absence of a final judgment or a final, appealable order. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.* (Jan. 26, 2000), 9th Dist. No. 2930-M. Because the trial court did not enter a final judgment or a final order, we must dismiss for lack of jurisdiction.

Complaint for declaratory judgment and accounting

{¶10} The requirements of finality are no less applicable in an action for declaratory judgment. R.C. 2721.02 addresses declaratory judgment actions and states, in relevant part:

> "[C]ourts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * * The declaration may be either affirmative or negative in form and effect. The declaration has the effect of a final judgment or decree."

We have previously held that in the context of a declaratory judgment action, merely entering judgment in favor of one party, without further elaboration, does not constitute a final judgment sufficient to give this Court jurisdiction over an appeal. *No-Burn Inc. v. Murati*, 9th Dist. No. 24577, 2009-Ohio-6951, ¶11; see, also, *Michaels v. Michaels*, 9th Dist. No. 09CA009717, 2010-Ohio-6052, at ¶7. If the trial court fails to expressly declare the parties' respective rights and

obligations, its judgment is not final and appealable. *Miller Lakes Community Servs. Assn. v. Schmitt*, 9th Dist. No. 09CA0076, 2011-Ohio-1295 ,¶15, quoting *Revis v. Ohio Chamber Ballet,* 9th Dist. No. 24696, 2010-Ohio-2201, at ¶38 (Dickinson, P.J., concurring); see, also, *Bankers Trust Co. v. Orchard* (Mar. 8, 2000), 9th Dist. No. 19528, at *1, quoting *Walker v. Walker* (Aug. 5, 1987), 9th Dist. No. 12978, at *2 (holding that a judgment is not final if it fails "to speak to an area which was disputed" or otherwise to include sufficient information to "determine how the parties' rights and obligations were fixed by the trial court.").

{¶11} Mr. Peavy's amended complaint contained two claims for relief. He sought a declaratory judgment and requested that the court order an accounting. The appealed judgment does not specifically make, or decline to make, any declarations. Although the complaint contains a request for the court to declare that certain property was property of the Dykes estate, in the May 20, 2010 entry, the court does not describe any parties' rights or interests in any specific property. As the court's entry does not set forth the rights and obligations of the parties, it does not constitute a final judgment as to the declaratory judgment action. See *No-Burn*, *Inc.* at ¶11. In addition, the court has not made any determination as to the plaintiff's request for an accounting. It is unclear whether the accounting is merited and whether the court considers it completed or not.

Counterclaim

{¶12} Vikilyn Thompson filed a counterclaim alleging breach of contract, quasi-contract, unjust enrichment, and promissory estoppel. The court's judgment does not address and dispose of Vikilyn Thompson's four distinct counterclaims. Instead, it entered judgment generally for all of the named defendants.

III.

{¶13} The May 20, 2010 entry does not constitute a final judgment or order.  This Court lacks subject matter jurisdiction to address the merits of the appeal.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(E).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR

APPEARANCES:

JAMES MCELROY, Attorney at Law, for Appellants.

JOHN C. WEISENSELL, MICHAEL J. PALUMBO, and ANTHONY J. GINGO, Attorneys at Law, for Appellees.