[Cite as *Gargasz v. Lorain Cty.*, 2013-Ohio-1218.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

WANDA L. GARGASZ

    Appellant

    v.

LORAIN COUNTY, OHIO

    Appellee

C.A. No.    12CA010215

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    05CV142979

DECISION AND JOURNAL ENTRY

Dated: March 29, 2013

BELFANCE, Judge.

{¶1}  Gargasz, Inc. and the estate of Edward Gargasz have appealed the decision of the Lorain County Court of Common Pleas. However, because the trial court did not declare the rights and responsibilities of the parties, we dismiss for lack of a final, appealable order.

I.

{¶2}  Mr. Gargasz owned and operated Gargasz, Inc. One of his projects was Byrd's Nest subdivision to be built in Amherst Township. On May 13, 2005, the Amherst Township Trustees voted, pursuant to Lorain County Subdivision Regulations 602.01 and 602.02, to demand an amount of money equal to four percent of the purchase price of the land being used for the Byrd's Nest subdivision. On May 25, 2005, David Urig, an Amherst Township Trustee, sent Mr. Gargasz a letter informing him of the resolution and demanding $9,959 in payment as required by the May 13, 2005 resolution.

**{¶3}**    Mr. Gargasz responded to the letter, arguing that the May 13, 2005 resolution was unconstitutional.  Mr. Gargasz and Gargasz, Inc. ("Plaintiffs"[1]) filed a complaint in the Lorain County Court of Common Pleas on August 2, 2005, against Amherst Township, Lorain County, and the Lorain County Planning Commission (collectively "Defendants"), seeking declarations that the May 13, 2005 resolution and sections 602.01 and 602.02 of the Lorain County Subdivision Regulations were unconstitutional taxes, unconstitutional takings, and illegal acts. The Plaintiffs moved for summary judgment, and the Defendants filed a joint motion in opposition.  The Defendants' joint motion in opposition was also a motion for summary judgment.  Plaintiffs filed a response to Defendants' motion for summary judgment, the Defendants replied, and Plaintiffs filed a response to the Defendants' reply.  The trial court ruled on the motions, denying the Plaintiffs' motion and granting the Defendants' motion for summary judgment.  However, the trial court did not make any declarations as sought in the Plaintiffs' complaint.

**{¶4}**    Plaintiffs have appealed, raising four assignments of error for our review.  However, we do not reach the Plaintiffs' assignments of error because the trial court's judgment entry does not constitute a final, appealable order.

## II.

**{¶5}**    This Court is obligated, sua sponte, to raise questions related to our jurisdiction. *Whitaker–Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972).  This Court has jurisdiction to hear appeals only from final judgments. Ohio Constitution Article IV, Section 3(B)(2); R.C. 2501.02.  "In the absence of a final, appealable order, this Court must dismiss the

---

[1] Subsequent to the parties filing their motions for summary judgment, Mr. Gargasz passed away and his estate was substituted as a party.  For ease of discussion, his estate is also included in reference to "Plaintiffs[.]"

appeal for lack of subject matter jurisdiction." *Miller Lakes Community Servs. Assn., Inc. v. Schmitt*, 9th Dist. No. 09CA0076, 2011-Ohio-1295, ¶ 12 ("*Miller I*").

{¶6} As stated in the facts, this was a declaratory judgment action. R.C. 2721.02(A) addresses declaratory judgment actions and states, in relevant part:

> [C]ourts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * * The declaration may be either affirmative or negative in form and effect. The declaration has the effect of a final judgment or decree.

In declaratory judgment actions, "merely entering judgment in favor of one party, without further elaboration, does not constitute a final judgment sufficient to give this Court jurisdiction over an appeal." *Peavy v. Thompson*, 9th Dist. No. 25440, 2011-Ohio-1902, ¶ 10, citing *No-Burn Inc. v. Murati*, 9th Dist. No. 24577, 2009-Ohio-6951, ¶ 11. *See also Michaels v. Michaels*, 9th Dist. No. 09CA009717, 2010-Ohio-6052, ¶ 7. "If the trial court fails to expressly declare the parties' respective rights and obligations, its judgment is not final and appealable." *Peavy* at ¶ 10. *See also Miller Lakes Community Servs. Assn., Inc. v. Schmitt*, 9th Dist. No. 11CA0053, 2012-Ohio-5116, ¶ 7-12 ("*Miller II*"); *Bowers v. Craven*, 9th Dist. No. 25717, 2012-Ohio-332, ¶ 11; *Miller I* at ¶ 15.

{¶7} The complaint in this case requested that the trial court issue a declaratory judgment on four issues: (1) whether the May 13, 2005 Amherst Township Resolution and Sections 602.01 and 602.02 of the Lorain County Subdivision Regulations were unconstitutional takings as applied to Plaintiffs; (2) whether the resolution and regulations were an unlawful tax on real property; (3) whether the resolution and regulations constituted a nonuniform tax applied only to new construction and not to all members of the community; and (4) whether "the acts, policies, customs, practices, applicable ordinances and procedures of [] Lorain County, Ohio, The Lorain County Planning Commission, and Amherst Township, Ohio * * *" were illegal and

unenforceable against the Plaintiffs. However, the trial court's judgment entry did not issue any declarations, instead stating, "Accordingly, [P]laintiffs' motion for summary judgment is denied[, and] Defendants' joint motion for summary judgment as to [P]laintiffs' complaint is granted." Thus, the entry fails to expressly declare the parties' respective rights and obligations as sought in the Plaintiffs' declaratory judgment action and, therefore, is not final. *See Peavy* at ¶ 10.

{¶8} We can appreciate that an argument may be made that, by granting the Defendants' motion for summary judgment, the trial court was declaring the negative of all of the Plaintiffs' sought declarations (e.g. The resolution and regulations are *not* unconstitutional takings as applied to Plaintiffs.) and, therefore, the trial court's decision should be construed as a final, appealable order. However, R.C. 2721.02(A) expressly provides that a "*declaration* has the effect of a final judgment or decree[]" and that a declaration is "either affirmative or negative in form[.]" (Emphasis added.).

{¶9} Furthermore, not every declaratory action may be resolved simply by negating the sought declaration. Thus, where a trial court simply dismisses the declaratory judgment action or broadly grants summary judgment based upon multiple declarations sought in a complaint, the reviewing court must in effect speculate as to what the trial court's declarations might have been rather than knowing what they are. *See, e.g., Miller II*, 2012-Ohio-5116, at ¶ 8-12. Even in this case, we cannot construe the trial court's journal entry as resolving the Plaintiffs' declaratory judgment actions merely by presuming that, by granting summary judgment to the Defendants, the trial court intended to declare the negative of each of the Plaintiffs' sought declarations. This is for two reasons. First, the Defendants' motion for summary judgment asked that the trial court dismiss the complaint instead of requesting that the trial court make declarations. Therefore, by

granting the Defendants' motion, the trial court was specifically dismissing the Plaintiffs' complaint without making declarations, which is generally inappropriate in a declaratory judgment action. *See Miller I*, 2011-Ohio-1295, at ¶ 16. *Compare with* R.C. 2921.07 (allowing a court to refuse to issue a declaratory judgment if the judgment "would not terminate the uncertainty or controversy giving rise to the action or proceeding in which the declaratory relief is sought[]"); *Howkins v. Walsh Jesuit High School*, 9th Dist. No. 26493, 2013-Ohio-917, ¶ 34 (Trial court correctly dismissed declaratory judgment action as moot.).

{¶10} The second reason is that the Plaintiffs requested that the trial court "[i]ssue a declaratory judgment that [the resolution and regulations], as sought to be applied to Plaintiffs, constitute[] a 'nonuniform tax on new construction only, not a tax uniformly applied to all property owners in the Township/County.'"[2] This is a compound request, and, thus, the trial court's judgment against the Plaintiffs could mean multiple things. For example, it could mean that the regulations and resolution were not a nonuniform tax or it could mean that it was a nonuniform tax but that it was not applied to new construction only. Thus, even if the trial court *could* resolve a declaratory judgment action in the manner it did, it could not do so in *this* case because its entry does not clearly declare the rights and responsibilities even if viewed as merely declaring the negative of the sought declarations.

{¶11} Fortunately, the task of entering a final judgment pursuant to a complaint for declaratory judgment is not an onerous one; nor are there any specific, magic words required. Instead, trial court is merely required to expressly state the rights and responsibilities of the parties involved in the matters at issue. R.C. 2721.02(A); *Peavy*, 2011-Ohio-1902, at ¶ 10. In this case, however, the trial court's judgment entry does not do so, and, therefore, is not a final,

---

[2] It is unclear what the internal quote is supposed to be quoting.

appealable order. Accordingly, we lack jurisdiction over this attempted appeal. *Peavy* at ¶ 10. *See also Miller II*, 2012-Ohio-5116, at ¶ 7-12; *Bowers*, 2012-Ohio-332, at ¶ 11; *Miller I* at ¶ 15.

## III.

{¶12} Because there is no final, appealable order in this case, this Court lacks jurisdiction over this appeal. Accordingly, the appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ROBERT J. GARGASZ, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and GERALD A. INNES, Assistant Prosecuting Attorney, for Appellee.

ABRAHAM CANTOR, Attorney at Law, for Appellee.