[Cite as *Premium Beverage Supply, Ltd. v. TBK Prod. Works, Inc.*, 2014-Ohio-4171.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Premium Beverage Supply, Ltd.,  :

     Plaintiff-Appellee,  :

                      No. 14AP-90

v.  :  (C.P.C. No. 13CVH-7076)

TBK Production Works, Inc. et al.,  :  (REGULAR CALENDAR)

     Defendants-Appellants.  :

---

D E C I S I O N

Rendered on September 23, 2014

---

*Benesch Friedlander Coplan & Aronoff LLP*, *Roger L. Schantz*, and *Steven A. Oldham*, **for appellee.**

*Henderson, Covington, Messenger, Newman & Thomas Co., L.P.A.*, *James L. Messenger*, *Richard J. Thomas*, and *Jerry R. Krzys*, **for appellants.**

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendants-appellants, TBK Production Works, Inc., The Brew Kettle Production Works, LLC, The Brew Kettle Strongsville, LLC, and The Brew Kettle Limited, LLC, appeal from a judgment of the Franklin County Court of Common Pleas denying their motion for summary judgment and granting summary judgment in favor of plaintiff-appellee, Premium Beverage Supply, Ltd.

## I. BACKGROUND

{¶ 2} Appellee is in the business of selling and distributing alcoholic beverages in the state of Ohio. Appellant, TBK Production Works, Inc. ("TBK"), is a manufacturer of various types of microbrew ales, porters, and beers, collectively referred to as craft beers,

that it sells to distributors such as appellee. In December 2008, appellee and TBK entered into a sales and distribution agreement ("Franchise Agreement") whereby TBK granted appellee the exclusive right to distribute certain craft beers in the Ohio territory set forth in the Franchise Agreement.

{¶ 3} Approximately four years after appellee began its distribution of TBK's craft beers, TBK entered into an asset purchase agreement in January 2013 with The Brew Kettle Production Works, LLC ("Brew Kettle"), whereby Brew Kettle acquired all of TBK's assets. Also in January 2013, TBK and Brew Kettle entered into an Interim Management Agreement whereby TBK appointed Brew Kettle as its manager to "manage the business during the period between the closing date of said purchase and the date of the transfer of the applicable Liquor Permits into the name of [Brew Kettle]." (Interim Management Agreement, 1.) The United States Alcohol and Tobacco Tax and Trade Bureau approved Brew Kettle's application for a brewery permit on August 7, 2013, and on October 13, 2013, the Ohio Department of Commerce, Division of Liquor Control, approved Brew Kettle's request to transfer TBK's manufacturer's permit to Brew Kettle.

{¶ 4} However, prior to applying for any of the requisite permits, Brew Kettle sent appellee a letter on May 3, 2013 to terminate the Franchise Agreement. The May 3 termination letter stated that, pursuant to R.C. 1333.85, appellee was being provided notice that the Franchise Agreement was terminated and/or not renewed for cause. According to the May 3 termination letter, grounds for termination of the Franchise Agreement existed under the "successor manufacturer" provision of R.C. 1333.85(D) due to Brew Kettle's asset purchase.[1]

{¶ 5} In response to the May 3 termination letter, appellee filed suit on June 27, 2013 seeking declaratory and injunctive relief against appellants. Days later, appellee filed an amended complaint asserting Count One - a claim for injunctive relief seeking a temporary restraining order, a preliminary injunction, and a mandatory injunction prohibiting Brew Kettle from cancelling, or attempting to cancel, the Franchise Agreement; Count Two - a declaration of its rights under the Franchise Act and the

---

[1] By agreed order filed on July 19, 2013, the just cause allegation was withdrawn, without prejudice, and this litigation concerns only the issue of franchise agreement termination by a successor manufacturer under R.C. 1333.85(D).

Franchise Agreement with Brew Kettle *along* with a declaration that Brew Kettle may not terminate, or cause the termination of, the Franchise Agreement; Count Three - a "declaration of its rights under the United States and Ohio Constitutions," because Brew Kettle's proposed application of R.C. 1333.85(D) would allegedly result in an unconstitutional taking and/or deprivation of appellee's property without due process; Count Four - breach of contract; and Count Five - an alternative claim for diminished value if R.C. 1333.85(D) was deemed applicable. (Amended Complaint, 16.)

{¶ 6} A few months later, on September 20, 2013, appellants filed a motion for partial summary judgment seeking judgment on all claims except for the claim for diminished value. Specifically, appellants argued they were entitled to judgment on appellee's claims for injunctive and declaratory relief because, as a successor manufacturer, Brew Kettle timely terminated the Franchise Agreement. Further, appellants argued the contract claim failed because Brew Kettle is not a party to the Franchise Agreement, and the Franchise Agreement cannot limit the rights available under R.C. 1333.85(D). Lastly, appellants argued the declaratory judgment claim based on a property taking failed because Brew Kettle's termination of the Franchise Agreement does not constitute a taking for purposes of constitutional taking claims.

{¶ 7} Appellee followed with its own motion for partial summary judgment seeking judgment on all of its claims except for the alternative claim for diminished value. According to appellee, the Franchise Agreement had not been properly terminated, nor could it be under the termination provisions contained therein because enforcement of R.C. 1333.85(D) to effect the termination of the Franchise Agreement would result in an unconstitutional taking of property. Appellee also argued Brew Kettle was not a successor manufacturer because it lacked the necessary permits to allow it to qualify as such.

{¶ 8} The trial court rendered a decision and entry on November 14, 2013 ("the November 14 judgment") granting appellee's motion for partial summary judgment and denying appellants' motion for partial summary judgment. Though it is not entirely clear, we glean from the trial court's November 14 judgment that it concluded Brew Kettle was not a successor manufacturer for purposes of R.C. 1333.85(D) because (1) Brew Kettle had not yet obtained the necessary permits to qualify as a manufacturer under the Franchise Act, and (2) TBK and Brew Kettle are under common control due to J. Christopher

McKim's 100 percent stock ownership in TBK's stock and his 30 percent interest in Brew Kettle.

{¶ 9} On November 27, 2013, appellants filed a combined supplemental motion for summary judgment and motion to reconsider[2] based on new "legal and factual developments." In their supplemental motion for partial summary judgment and motion to reconsider, appellants first directed the court's attention to *Esber Beverage Co. v. Labatt USA Operating Co., L.L.C.*, 138 Ohio St.3d 71, 2013-Ohio-4544, rendered by the Supreme Court of Ohio on October 17, 2013. Appellants also submitted evidence establishing that, on October 31, 2013, the Division of Liquor Control issued an A-1 manufacturer's license to Brew Kettle, and on November 5, 2013, Brew Kettle issued another termination letter to appellee terminating the Franchise Agreement.

{¶ 10} The trial court denied appellants' supplemental motion for partial summary judgment and motion to reconsider on January 21, 2014 ("the January 21 judgment"), noting that neither motion exists under the Ohio Rules of Civil Procedure. Additionally, but without further elaboration, the trial court stated that it had considered *Esber* and that the factual developments submitted by appellants were "not new." In conclusion, the trial court denied appellants' supplemental motion for partial summary judgment and motion to reconsider and found appellee's claim for diminished value to be moot. This appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶ 11} Appellants raise nine assignments of error for our review:

> [I.] The trial court committed error as a matter of law in its November 14, 2013 Decision and Entry and its January 21, 2014 Decision and Entry by determining that The Brew Kettle Production Works, LLC was not a successor manufacturer under R.C. 1333.85(D).
>
> [II.] The trial court committed error as a matter of law in its November 14, 2013 Decision and Entry by determining that a purchaser of all or substantially all of an alcoholic beverage manufacturer's assets must be licensed by the State of Ohio,

---

[2] According to appellants, the trial court could reconsider its previous November 14 judgment because it did not dispose of the diminished value claim and, therefore, was not a final order but rather was interlocutory in nature.

Department of Commerce, Division of Liquor Control before the purchaser may qualify as a successor manufacturer under R.C. 1333.85(D).

[III.] The trial court committed error as a matter of law in its November 14, 2013 Decision and Entry by determining that The Brew Kettle Production Works, LLC's acquisition of the selling manufacturer's assets did not close until The Brew Kettle Production Works, LLC received federal and state permits.

[IV.] The trial court committed error as a matter of law in its November 14, 2013 Decision and Entry and its January 21, 2014 Decision and Entry by determining that a successor manufacturer must be a party to a pre-existing franchise agreement and may only terminate a pre-existing distributor pursuant to the franchise agreement, even if the franchise agreement's terms violate provisions of the Ohio Alcoholic Beverage Franchise Act, R.C. 1333.82 *et seq.*

[V.] The trial court committed error as a matter of law in its November 14, 2013 Decision and Entry and its January 21, 2014 Decision and Entry by failing to consider the Ohio Supreme Court's recent decision in *Esber Beverage Co. v. Labatt USA Operating Co., LLC*, Slip Opinion No. 2013-Ohio-4544.

[VI.] If the trial court was correct that The Brew Kettle Production Works, LLC's acquisition of the selling manufacturer's assets did not close until The Brew Kettle Production Works, LLC received federal and state permits, the trial court committed error as a matter of law in its January 21, 2014 Decision and Entry by determining that The Brew Kettle production Works, LLC was not a successor manufacturer after The Brew Kettle Production Works, LLC had received federal and state permits.

[VII.] The trial court committed error as a matter of law in its November 14, 2013 Decision and Entry and its January 21, 2014 Decision and Entry by determining that The Brew Kettle Production Works, LLC was not a successor manufacturer because the owner of 100 percent of the selling manufacturer's stock now owns a 30 percent membership interest in The Brew Kettle Production Works, LLC, especially when Premium did not raise a common control argument.

> [VIII.] The trial court committed error as a matter of law in its November 14, 2013 Decision and Entry and its January 21, 2014 Decision and Entry by disposing of the constitutional taking issue without addressing the merits of the issue.
>
> [IX.] The trial court committed error as a matter of law in its November 14, 2013 Decision and Entry and its January 21, 2014 Decision and Entry by determining that a trial court does not have the inherent authority to reconsider any decision until final judgment, and in determining that the Civil Rules do not authorize supplemental pleadings.

## III. DISCUSSION

{¶ 12} Our analysis begins by determining whether this court has jurisdiction to consider the merits of this appeal. Pursuant to Article IV, Section 3(B)(2) of the Ohio Constitution and R.C. 2503.03, appellate courts have jurisdiction to review only final orders, judgments or decrees. *Browder v. Shea*, 10th Dist. No. 04AP-1217, 2005-Ohio-4782, ¶ 10. If the parties themselves fail to raise the issue of whether or not a judgment constitutes a final, appealable order, we must raise the issue sua sponte. *Gates v. Praul*, 10th Dist. No. 09AP-123, 2010-Ohio-2062, ¶ 12, citing *Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 186 (1972).

{¶ 13} On August 28, 2014, this court raised the issue of jurisdiction and issued an order for the parties to show cause as to why this matter, where the trial court entered summary judgment on two counts seeking declaratory relief but failed to declare any rights, responsibilities or obligations of the parties concerning those two counts, should not be dismissed for lack of a final, appealable order. In response to this court's order, appellee expressed no position on the issue, stating only that appellant bore the burden of demonstrating that the judgments appealed from were final, appealable orders. In contrast, appellants asserted we are presented with a final, appealable order because the "gist of the relief" sought in the complaint was to prevent Brew Kettle from terminating the Franchise Agreement under R.C. 1333.85(D). (Appellants' Sept. 5, 2014 Memorandum, 5.)

{¶ 14} " 'When a trial court enters a judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order.' " *Browder* at ¶ 16, quoting *Caplinger v. Raines*, 4th Dist. No.

02CA2683, 2003-Ohio-2586, ¶ 3, citing *Haberley v. Nationwide Mut. Fire Ins. Co.*, 142 Ohio App.3d 312 (8th Dist.2001); *DeAscentis v. Margello*, 10th Dist. No. 04AP-4, 2005-Ohio-1520, ¶ 23; *Gargasz v. Lorain Cty.*, 9th Dist. No. 12CA010215, 2013-Ohio-1218, ¶ 6; *William Powell Co. v. Onebeacon Ins. Co.*, 1st Dist. No. C-130681, 2014-Ohio-3528, ¶ 10; *Klocker v. Zeiger*, 8th Dist. No. 92044, 2009-Ohio-3102, ¶ 13; *Saunders v. Paul A. Grim, Inc.*, 4th Dist. No. 08CA668, 2009-Ohio-1900, ¶ 6; *Kilroy v. Sheridan*, 11th Dist. No. 2013-P-0052, 2014-Ohio-1873, ¶ 22.

{¶ 15} As such, a declaratory judgment action may not be ideally suited for summary judgment because it is an action seeking a declaration of the rights and obligations of the parties. *DeAscentis* at ¶ 23, citing *Waldeck v. N. College Hill*, 24 Ohio App.3d 189, 190 (1st Dist.1985). Therefore, as a general rule, a court fails to fulfill its function in a declaratory judgment action when it disposes of the issues by journalizing an entry merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document or law under consideration. *Id.*, citing *Nickschinski v. Sentry Ins. Co.*, 88 Ohio App.3d 185, 189 (8th Dist.1993).

{¶ 16} Here, the trial court appears to have made two legal determinations, specifically, Brew Kettle is not a successor manufacturer due to its lack of manufacturing permits and Brew Kettle is not a successor manufacturer because of McKim's former and current ownerships in TBK and Brew Kettle respectively. However, though granting summary judgment in favor of appellee, we cannot discern from the November 14 judgment and/or January 21 judgment that the trial court granted the relief sought by appellee, which was a declaration of its rights and responsibilities under the Franchise Act and the Franchise Agreement with Brew Kettle, as well as a declaration of its constitutional property rights with respect to the application of R.C. 1333.85(D). Rather, we are left to speculate what rights of appellee have been declared. *See Gargasz* at ¶ 9 (no final, appealable order when a trial court grants summary judgment but fails to declare the parties' rights and obligations in a case where multiple declarations are sought in a complaint and the reviewing court must, in effect, speculate as to what the trial court's declarations might have been rather than knowing what they are). As stated in *Gargasz*, the task of entering final judgment, pursuant to a complaint seeking a declaratory judgment, is not an onerous one requiring "magic words." *Id.* at ¶ 11. Rather, a trial court

must merely state the rights and responsibilities of the parties involved.  *Id.*; R.C. 2721.02(A).  Here, appellee sought a declaration of its rights under the Franchise Act and the Franchise Agreement, as well as a declaration regarding its constitutional property rights.  Due to the manner in which they were pleaded and the ongoing relationship between the parties, in this case we simply cannot construe the trial court's judgment, that Brew Kettle is not a successor manufacturer to TBK, as declaring in the affirmative all of appellee's sought declarations.

{¶ 17} In the present case, we must conclude that, though granting summary judgment on appellee's claims for declaratory judgment, the trial court's judgment fails to declare appellee's rights as requested in the complaint such that it does not constitute a final, appealable order.  Therefore, we must dismiss this appeal for lack of a final, appealable order.

## IV.  CONCLUSION

{¶ 18} Because we are not presented with a final, appealable order, we hereby dismiss this appeal.

*Appeal dismissed.*

KLATT and LUPER SCHUSTER, JJ., concur.

_____