[Cite as *Modic v. Akron*, 2014-Ohio-4190.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| LARRY MODIC | | C.A. No.      27041 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CITY OF AKRON | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No.      CV 2013-01-0615 |

DECISION AND JOURNAL ENTRY

Dated: September 24, 2014

HENSAL, Presiding Judge.

{¶1}    Larry Modic appeals a judgment of the Summit County Court of Common Pleas that granted the City of Akron's motion for summary judgment. For the following reasons, this Court dismisses the appeal.

I.

{¶2}    In May 2012, Mr. Modic bought a house in Akron, Ohio. At the time of the sale, he did not know that the City's Department of Health had issued a number of repair orders to the previous owner. A few weeks after the sale, Mr. Modic received notice that the Housing Appeals Board was considering ordering his house to be demolished. Mr. Modic twice persuaded the Board to grant him an extension of time for repairs, but, after he failed to appear at the Board's September 2012 meeting, it ordered his house razed.

{¶3}    Mr. Modic received notice of the Board's decision and did not appeal it. Instead, in January 2013, he filed a complaint seeking a declaration that he had not been properly served

with a list of violations, that the Department of Public Service does not have authority to enforce orders issued by the Department of Health, that the Department of Neighborhood Assistance does not have authority to enforce orders issued by the Department of Health, and that only the Department of Health has authority to condemn private homes for sanitary or structural reasons. He also requested that the court prohibit the City from enforcing its demolition order and enjoin the Departments of Public Service and Neighborhood Assistance from enforcing the Akron Housing Code.

{¶4} The trial court initially stayed the demolition order, but it vacated its order a few days later, and the City demolished the house. The City later moved for summary judgment on Mr. Modic's claims, arguing they were moot, lacked merit, and were barred by res judicata. It also argued that Mr. Modic did not have standing to bring them. The trial court granted the City's motion over Mr. Modic's opposition, concluding that his claims were barred for failure to exhaust administrative remedies. Mr. Modic has appealed, assigning two errors, which this Court has combined for ease of consideration.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THIS CASE WAS BARRED BY THE REQUIREMENT OF EXHAUSTION OF ADMINISTRATIVE REMEDIES AND GRANTED SUMMARY JUDGMENT TO THE CITY OF AKRON ON THAT BASIS.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THIS CASE WAS BARRED BY RES JUDICATA AND GRANTED SUMMARY JUDGMENT TO THE CITY OF AKRON ON THAT BASIS.

{¶5} This Court is obligated to raise questions related to our jurisdiction sua sponte. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). This Court

has jurisdiction to hear appeals only from final judgments and appealable orders. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02. In the absence of a final judgment or appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. Medina No. 2930-M, 2000 WL 109108, *1 (Jan. 26, 2000).

{¶6} Revised Code Section 2721.02(A) addresses declaratory judgment actions and states, in relevant part, that

> courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * * The declaration may be either affirmative or negative in form and effect. The declaration has the effect of a final judgment or decree.

"[I]n the context of a declaratory judgment action, merely entering judgment in favor of one party, without further elaboration, does not constitute a final judgment sufficient to give this Court jurisdiction over an appeal." *Koprivec v. Rails-to-Trails of Wayne Cty.*, 9th Dist. Wayne No. 13CA0004, 2014-Ohio-2230, ¶ 9, quoting *Peavy v. Thompson*, 9th Dist. Summit No. 25440, 2011-Ohio-1902, ¶ 10. "The court's judgment entry must expressly declare the parties' respective rights and obligations." *Id*. *See also Bowers v. Craven*, 9th Dist. Summit No. 25717, 2012-Ohio-332, ¶ 11-12; *Miller Lakes Community Servs. Assn., Inc. v. Schmitt*, 9th Dist. Wayne No. 09CA0076, 2011-Ohio-1295, ¶ 15-16. The fact that a court grants summary judgment to the defendant does not mean that it "was declaring the negative of all of the [Plaintiff's] sought declarations * * *." *Gargasz v. Lorain Cty.*, 9th Dist. Lorain No. 12CA010215, 2013-Ohio-1218, ¶ 8. Rather, Section 2721.02(A) specifically provides that a "declaration has the effect of a final judgment or decree[ ]," which is "either affirmative or negative in form[.]"

{¶7} When entering a final judgment pursuant to a complaint for declaratory judgment, the trial court is required to expressly state the rights and responsibilities of the parties involved

as to the matters at issue. *Gargasz* at ¶ 11, citing R.C. 2721.02(A); *Peavy* at ¶ 10. The trial court's entry in this case does not meet that requirement. It, therefore, is not a final judgment. Accordingly, in light of this Court's precedent, we lack jurisdiction over this appeal.[1]

## III.

**{¶8}** Because the trial court's judgment is not final, this Court lacks jurisdiction over Mr. Modic's attempted appeal. The appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

---

[1] We disagree with the approach taken by the dissent because its analysis presumes that Mr. Modic had standing to file a declaratory-judgment action in the common pleas court. Although the City challenged Mr. Modic's standing in the trial court, the court did not address that issue in its decision. *See Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, ¶ 9 ("Standing is a preliminary inquiry that must be made before a court may consider the merits of a legal claim."). This Court will not consider the issue of standing in the first instance when it was raised before the trial court. *See Kurtock v. Cleveland Bd. of Zoning Appeals*, 8th Dist. Cuyahoga No. 100266, 2014-Ohio-1836, ¶ 9; *Riverside v. State*, 190 Ohio App.3d 765, 2010-Ohio-5868, ¶ 58 (10th Dist.). Moreover, questions regarding this Court's jurisdiction must be resolved before this Court can address issues concerning the merits of an appeal. *State v. Davis*, 10th Dist. Franklin No. 08AP-679, 2009-Ohio-1666, ¶ 7; *Smith v. Quigg*, 5th Dist. Fairfield Nos. 05-CA-61, 05-CA-62, 05-CA-79, 2006-Ohio-1670, ¶ 10; *Giovanetti v. Ohio State Dental Bd.*, 66 Ohio App.3d 381, 382 (11th Dist.1990).

Costs taxed to Appellant.

 

JENNIFER HENSAL
FOR THE COURT

 

MOORE, J.
CONCURS.

CARR, J.
DISSENTING.

{¶9}   A trial court may either dismiss an action for lack of a justiciable issue or may rule on the substantive merits of the action, in both cases rendering a final, appealable judgment. The confusion in this case lies in the trial court's attempt to do both at the same time. It has conflated or blended the two types of dispositions. That is not to say that it has rendered a nonfinal judgment, only that it has committed error.

{¶10}   Although attempting to reach the substantive merits of the case, the trial court disposed of the underlying action upon finding that Mr. Modic's claims were barred for failure to exhaust administrative remedies, effectively concluding that the claims were not justiciable. The trial court has authority to dismiss an action for any reason raised by the parties which implicates justiciability. Moreover, because there were no justiciable claims, the trial court was not required to declare the rights and obligations of the parties in order to issue a final, appealable order. As a general rule, "[w]hen a trial court enters judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order. Indeed, even if the [trial] court determines the plaintiff is wrong, * * * the court must declare the appropriate rights." (Internal quotations and citations omitted) *No-Burn,*

*Inc. v. Murati*, 9th Dist. Summit No. 24577, 2009-Ohio-6951, ¶ 11. However, "[f]or purposes of a declaratory judgment action, a 'justiciable issue' requires the existence of a legal interest or right, and a 'controversy' exists where there is a genuine dispute between parties with adverse legal interests." *Chafin v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 13AP-646, 2014-Ohio-1192, ¶ 14 (affirming Civ.R. 12(B)(6) dismissal of plaintiff's declaratory judgment action); *ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382 (affirming dismissing of a complaint for declaratory judgment where there was no justiciable issue before the court as the plaintiffs lacked standing to sue). Accordingly, where there is no justiciable controversy before the court, the trial court may not declare any rights or obligations of the parties when disposing of the case.

{¶11} The City of Akron moved for summary judgment on three bases, arguing that Mr. Modic's claims were barred by the doctrine of res judicata, that they were moot, and that they lacked merit. The City argued in regard to res judicata that Mr. Modic had failed to appeal the decision of the Housing Appeals Board pursuant to R.C. 2506.01, so that his instant claims were therefore barred as they could have been raised on appeal. While seeking a resolution on the merits that would preclude further litigation of the underlying issues, the City's argument that Mr. Modic was required to first raise those issues before the Housing Appeals Board necessarily implicated exhaustion issues. Accordingly, the trial court reasonably construed the City's res judicata argument as one raising the failure to exhaust administrative remedies. In this way, the trial court construed an argument as to preclusive effect giving rise to finality as one implicating ripeness giving rise to premature judicial intervention. *See Prairie Twp. Bd. of Trustees v. Hay*, 10th Dist. Franklin No. 01AP-1198, 2002-Ohio-4765, ¶ 25-26 (distinguishing the doctrines of res judicata and failure to exhaust administrative remedies, the former precluding relitigation of

claims, i.e., a doctrine recognizing finality; and the latter precluding premature judicial intervention, i.e., a "doctrine of judicial abstention.").

{¶12} Effectively, the trial court concluded that the controversy was not justiciable at that time, rather than that the matter was conclusively determined. The doctrine of exhaustion, by its nature therefore, recognizes that the matter is not yet in a procedural posture which allows consideration by the court. Unlike the doctrine of res judicata, it does not foreclose future judicial consideration. Accordingly, the doctrine of exhaustion does not dispose of the underlying merits of a claim. Therefore, the proper disposition of a case where the plaintiff has failed to exhaust administrative remedies is to dismiss the action, rather than to enter judgment in favor of the defendant. *See Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938) (recognizing the "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."); *Waliga v. Coventry Twp.*, 9th Dist. No. 22015, 2004-Ohio-5683, ¶ 11-17. *But see Pappas & Assocs. Agency, Inc. v. State Auto. Mut. Ins. Co.*, 9th Dist. No. 18458, 1998 WL 15605 (Jan. 7, 1998) (affirming an award of summary judgment on the basis of the plaintiff's failure to exhaust administrative remedies). Moreover, in the case of a declaratory judgment action, the trial court may not declare the parties' rights and obligations where the court dismisses the action for failure to exhaust administrative remedies. *State ex rel. Teamsters Local Union 436 v. Cuyahoga Cty. Bd. of Commrs.*, 132 Ohio St.3d 47, 2012-Ohio-1861, ¶ 19 ("Where a party fails to exhaust available administrative remedies, allowing declaratory relief would serve only to circumvent an adverse decision of an administrative agency and to bypass the legislative scheme.").

{¶13} Because the trial court disposed of the declaratory judgment complaint by concluding that Mr. Modic had failed to exhaust his administrative remedies, I would conclude that this Court has jurisdiction to consider the merits of the appeal. Upon consideration, I would reverse.

{¶14} I would reverse the trial court's judgment on three grounds. First, the doctrine of failure to exhaust administrative remedies constitutes "an affirmative defense that may be waived if not timely asserted and maintained." *Jones v. Chagrin Falls*, 77 Ohio St.3d 456 (1997), syllabus. In this case, the City did not argue the defense in its motion for summary judgment. Instead, the trial court improperly misconstrued the City's res judicata argument as an exhaustion argument, and erroneously granted summary judgment on grounds waived, or at a minimum not advanced, by the City.

{¶15} Second, where the trial court finds that the plaintiff has failed to exhaust administrative remedies, the proper disposition is not an award of summary judgment in the defendant's favor. The City understood this. Had the City raised the affirmative defense of failure to exhaust and the trial court found merit in that defense, it should have dismissed the claims without prejudice, rather than granted judgment in the City's favor.

{¶16} Third, the Ohio Supreme Court has long held that "failure to exhaust administrative remedies is not a necessary prerequisite to an action challenging the constitutionality of a statute, ordinance, or administrative rule." *Jones*, 77 Ohio St.3d at 460. Given that Mr. Modic sought declarations as to the validity of the order issuance and enforcement scheme, as well as injunctions prohibiting enforcement of the alleged invalid orders, any attempt to seek administrative relief would have been fruitless. I believe that he properly sought relief from the common pleas court via a declaratory judgment/injunction action.

{¶17} Under these circumstances, I believe that the trial court's judgment must be reversed and the cause remanded for further proceedings.

APPEARANCES:

WARNER MENDENHALL, Attorney at Law, for Appellant.

CLAIR E. DICKINSON and JOHN P. HICKEY, Attorneys at Law, for Appellee.

CHERI B. CUNNINGHAM, Law Director, and JOHN YORK, Assistant Law Director, for Appellee.