[Cite as *Miller Lakes Community Servs. Assn., Inc. v. Schmitt*, 2012-Ohio-5116.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

MILLER LAKES COMMUNITY
SERVICES ASSOCIATION, INC.

    Appellant

    v.

WOLFGANG R. SCHMITT, et al.

    Appellees

C.A. No.      11CA0053


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    08-CV-0521

DECISION AND JOURNAL ENTRY

Dated: November 5, 2012

MOORE, Judge.

{¶1}    Plaintiff, Miller Lakes Community Services Association, Inc. ("Miller Lakes"), appeals from the judgment of the Wayne County Court of Common Pleas. This Court dismisses the appeal for lack of a final, appealable order.

I.

{¶2}    Miller Lakes is a homeowners' association that owns a tract of land upon which Miller Lake Road is located. The Appellees, Wolfgang and Toni Schmitt, David and Becky Wigham, and Richard and Norma Cooper, as trustees of the Cooper Family Trust, utilize Miller Lake Road, but are not members of Miller Lakes. However, the Appellees' respective property deeds grant them an easement to use the road. In consideration for the easement, the Schmitts' deed provides that the Schmitts would,

> [P]ay one-fourth (1/4) of the cost of maintaining that portion of Miller Lake Road * * * over which [the Schmitts] have an easement, including but not limited to road surfacing and other maintenance, and snow removal, and to mow and trim

both sides of that portion of Miller Lake Road over which [the Schmitts] have an easement, at [their] sole expense.

The remaining Appellees' deeds imposed no such obligation in consideration for the easement.

{¶3} In 2008, Miller Lakes sent invoices to the Appellees for a share of the cost of the maintenance and repair work done to Miller Lake Road. The Appellees refused to pay the invoices, and Miller Lakes filed a complaint in part seeking declaratory judgment that Appellees "are required to share proportionately in accordance with their ownership interest, all costs and expenses necessary to maintain, repair and/or replace the shared benefits described in the complaint and for such further declaratory relief as may be deemed necessary to clarify as a matter of record title the nature and extent of said benefits and services." Miller Lakes described these "shared benefits" to include "access to and use of water lines, sewer lines (except [the] Schmitt[s]), water hydrants, utilities, and other benefits such as benefits in the form of fire and emergency response access and law enforcement access and protection[.]"

{¶4} The Schmitts and the Wighams filed counterclaims, in which they sought, in part, declaratory judgment relative to the easement. The Schmitts sought declaratory judgment "(i) that [ ] Miller Lake[s] may not charge any maintenance fee or related expenses or costs to the Schmitts, (ii) that the Schmitts are entitled to be reimbursed for their expenses in maintaining and repairing Miller Lake Road and related areas, and (iii) that [ ]Miller Lake[s] has a duty to maintain portions of Miller Lake Road and related areas including but not limited to the drainage ditch and pipe." The Schmitts further set forth claims for breach of contract, unjust enrichment, adverse possession, and deed reformation. In their counterclaim, the Wighams requested the trial court to determine that they had "no obligation to pay and are not legally bound to [ ] Miller Lakes [] for any maintenance fees, costs or related expenses incurred by Miller Lakes for the

maintenance and upkeep of any common areas and related services located in or around Miller Lake[ R]oad[.]" The Wighams further set forth a claim alleging unjust enrichment.

{¶5} Thereafter, Miller Lakes filed a motion for summary judgment against the Appellees on its claims, against the Schmitts on each of their counterclaims, and against the Wighams on their counterclaim for declaratory judgment. The Wighams moved for summary judgment against Miller Lakes on its claims against them and on their claim for declaratory judgment. The Schmitts also moved for summary judgment against Miller Lakes on its claims against them. On November 19, 2009, the trial court issued an order purporting to grant judgment in favor of the Appellees on Miller Lakes' claims and in favor of Miller Lakes on the Appellees' counterclaims. The trial court then purported to dismiss the complaint and counterclaims. Miller Lakes appealed, and the Wighams cross-appealed from this order. This Court dismissed the appeals for lack of a final, appealable order, as we determined that the trial court had failed to declare the rights and obligations of the parties in regard to the claims for declaratory judgment. *Miller Lakes Community Servs. Assn. v. Schmitt* (*Miller Lakes I*), 9th Dist. No. 09CA0076, 2011-Ohio-1295.

{¶6} Thereafter, the trial court prepared a journal entry wherein it purported to declare the rights and obligations of the parties. Miller Lakes timely appealed from this entry and presents eight assignments of error for our review, which we decline to reproduce here.

II.

{¶7} As we stated in our decision dismissing Miller Lakes' first attempted appeal in 2011,

> [T]his Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). This Court has jurisdiction to hear appeals only from final judgments. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02. In the absence of a final,

> appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. No. 2930-M, 2000 WL 109108 (Jan. 26, 2000).

*Miller Lakes I* at ¶ 12. Further, an order that fails to rule "on all of the issues surrounding the award, 'leaving nothing outstanding for future determination,'" is not a final, appealable order. *Carnegie Cos., Inc. v. Summit Properties, Inc.*, 183 Ohio App.3d 770, 2009-Ohio-4655, ¶ 18 (9th Dist.), quoting *State v. Muncie*, 91 Ohio St.3d 440, 446 (2001). Here, after a review of the record, we conclude that the trial court's judgment entry was not a final appealable order because (1) it failed to sufficiently declare the parties' rights and obligations with respect to the claims for declaratory judgment, and (2) it failed to properly dispose of claims which were intertwined with the claims for declaratory judgment. We will address these issues separately.

Declaratory Judgment

{¶8} Miller Lakes, the Schmitts, and the Wighams each sought declaratory judgment in regard to their respective obligations and rights regarding the easement. Where a party requests a declaratory judgment, "[C]ourts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * * The declaration may be either affirmative or negative in form and effect. The declaration has the effect of a final judgment or decree." R.C. 2721.02(A). In *Miller Lakes I* at ¶ 15, we cited Judge Dickinson's concurring opinion in *Revis v. Ohio Chamber Ballet*, 9th Dist. No. 24696, 2010-Ohio-2201 ¶ 38, for the proposition that, "[i]n order to properly enter judgment in a declaratory judgment action, the trial court must set forth its construction of the disputed document or law, and must expressly declare the parties' respective rights and obligations. If the trial court fails to fulfill these requirements, its judgment is not final and appealable." We then determined that the trial court had "failed to

declare any rights and/or obligations of the parties," with respect to the claims for declaratory judgment in its 2009 entry. *Miller Lakes I* at ¶ 16.

{¶9} Upon our review of the trial court's 2011 journal entry at issue in the instant appeal, we first note that, in regard to the trial court's "construction of the disputed document or law," the trial court determined that Miller Lakes "has waived its right to enforce the easement contained in the deeds and the doctrine of equitable estoppel prevents the enforcement of the easements." *See Miller Lakes I* at ¶ 15. Although this determination appears to resolve Miller Lakes' rights pertaining to the collection of monies from the Schmitts, we cannot discern how this determination affects Miller Lakes' obligation to perform the services at issue or the manner in which such a conclusion determines the rights of Appellees to utilize the "shared benefits" which arise from these services. Thus, the trial court did not fully "set forth its construction of the disputed document or law" upon which the claim and counterclaims for declaratory judgment were based. *See id.*

{¶10} Next, as to the requirement that the trial court "expressly declare the parties' respective rights and obligations," the trial court determined the following,

> Miller Lakes * * * does not have the right to charge the [Appellees] a proportionate share of the costs related to the maintenance of *Miller Lake[]Road*. Miller Lakes remains obligated to continue to maintain and repair the easement *road* and the [Appellees] have a *right to enjoy the benefits of the maintenance and repair that Miller Lakes is admittedly obligated to perform.* Miller Lakes has no obligation to reimburse the Schmitts for any maintenance or repair they executed on their own accord. Because the [Appellees] have no obligation to Miller Lakes, the outstanding claims of special damages, unjust enrichment and quantum meruit are moot.

(Emphasis added.)

{¶11} Although the trial court declared certain obligations and rights in regard to the "road," it did not expressly declare the scope of Miller Lakes' obligations beyond maintaining

and repairing the "road" itself, such as whether it is obligated to maintain the ditch and drain pipe which run alongside the road, a declaration of which the Schmitts specifically sought in their counterclaim. Moreover, it did not expressly determine the scope of the Appellees' rights to the "shared benefits," as was requested in Miller Lakes' complaint, beyond those benefits arising from services which "Miller Lakes is admittedly obligated to perform."

**{¶12}** Therefore, based upon the forgoing, the trial court's 2011 judgment entry was ineffective in resolving the claim and counterclaims for declaratory judgment, as it did not fully set forth the construction of the deeds or the law on which it based its decision, nor did it fully or expressly declare the rights and obligations of the parties.

Intertwined Claims

**{¶13}** At the conclusion of its 2011 judgment entry, the trial court dismissed all counterclaims with prejudice and set forth that "there is no just reason for delay." In regard to a judgment upon multiple claims or in cases involving multiple parties, Civ.R. 54(B), provides:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

**{¶14}** Notwithstanding the trial court's employment of the language that "there is no just cause for delay," this Court will not review judgments that fail to determine claims that are "inextricably intertwined" with the claim(s) upon which the trial court has purported to issue

final judgment. *Miller Lakes I* at ¶ 19, citing *Glenmoore Builders, Inc. v. Smith Family Trust*, 9th Dist. No. 23879, 2008-Ohio-1379, ¶ 16-17.

**{¶15}** In *Miller Lakes I*, we concluded that Miller Lakes' claims "alleging unjust enrichment and quantum meruit are dependent upon the resolution of its claim for declaratory relief." *Id.* at ¶ 20. However, as we discussed above, the 2011 journal entry did not expressly determine the scope of Miller Lakes' obligations or the rights of the homeowners to enjoy the benefits arising from such obligations. As Miller Lakes' claims for unjust enrichment and quantum meruit were dependent upon the Appellees' rights to utilize the "shared benefits" as set forth in its complaint, including access to the utilities maintained by Miller Lakes, the claims for unjust enrichment and quantum meruit were intertwined with the determination of *the scope of the benefits* to which Appellees had a right to enjoy.

**{¶16}** Additionally, although the appeal before us does not challenge the trial court's ruling on the Wighams' counterclaim for unjust enrichment which it purported to dismiss although it was not subject to the parties' respective motions for summary judgment, the counterclaim was dependent upon a declaration of the parties' respective rights and obligations arising from the deeds. In their counterclaim, the Wighams alleged that they had "performed benefits and services on real property owned by Miller Lakes in the form of mowing, fertilizing, landscaping, tree trimming, leaf removal and other benefits which improved real property owned by Miller Lakes." Thus, the viability of this claim was dependent upon an express determination of Miller Lakes' obligations in regard to the easement.

**{¶17}** Therefore, based upon the dependency of the above claims and counterclaims on the express declaration of the parties rights and obligations, the Civ.R. 54(B) language was

ineffectual to create an immediately appealable order when the claims and counterclaim remained pending.

III.

{¶18} Accordingly, the present appeal is dismissed for want of a final appealable order.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JAMES M. RICHARD, Attorney at Law, for Appellant.

TIMOTHY B. PETTORINI, Attorney at Law, for Appellees.

ROBERT J. REYNOLDS, Attorney at Law, for Appellees.

ROBERT D. KEHOE, Attorney at Law, for Appellees.