[Cite as *Miller Lakes Community Servs. Assn., Inc. v. Schmitt*, 2014-Ohio-4748.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

MILLER LAKES COMMUNITY
SERVICES ASSOCIATION, INC.

    Appellant

    v.

WOLFGANG R. SCHMITT, et al.

    Appellees

C.A. No.    13CA0045


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    08-CV-0521

DECISION AND JOURNAL ENTRY

Dated: October 27, 2014

HENSAL, Judge.

{¶1}    Plaintiff-Appellant, Miller Lakes Community Services Association, Inc. ("Miller Lakes"), appeals from the judgment of the Wayne County Court of Common Pleas. This Court dismisses for lack of a final, appealable order.

I.

{¶2}    Miller Lakes is a homeowners' association consisting of residential lots, lakes, and, in particular, a road named Miller Lake Road. Defendant-Appellees, Wolfgang and Toni Schmitt ("the Schmitts"), David and Becky Wigham ("the Wighams"), and Richard and Norma Cooper, both individually and as trustees of the Cooper Family Trust ("the Coopers") (collectively, "the Defendants"), are homeowners who live in the vicinity of, but are not members of, Miller Lakes. The Defendants all have easements, allowing them to travel on Miller Lake Road. Because they are not members of Miller Lakes, however, the Defendants are not obligated to pay Miller Lakes the dues it charges its members. Miller Lakes' Amended

Declaration of Covenants, Conditions, and Restrictions for Miller Lakes Development provides that Miller Lakes is obligated to maintain and repair the common areas of Miller Lakes, including its roads and utility lines.

{¶3}    In 2007 and 2008, Miller Lakes invoiced the Defendants and demanded that they share in the cost of certain expenses.  When the Defendants refused to pay, Miller Lakes brought suit against them.  The first count of its complaint sought declaratory relief.  It alleged that the Defendants: (1) had acquired an access easement across Miller Lake Road; (2) had not paid "for snow removal, road maintenance, water line or sewer maintenance[1] or any other benefits provided by the common properties at Miller Lakes"; and (3) had "received on a regular basis, other shared benefits consisting of access to and use of water lines, sewer lines (except [the] Schmitt[s]), water hydrants, utilities, and other benefits such as benefits in the form of fire and emergency response access and law enforcement access and protection."  Miller Lakes asked the court to declare that it was "required to continue to maintain, repair, and replace the common properties described [in its complaint]" and that the Defendants were "required to share proportionately in accordance with their ownership interest, all costs and expenses necessary to maintain, repair and/or replace the shared benefits described in the complaint."  Miller Lakes also asked the court "for such further declaratory relief as may be deemed necessary to clarify as a matter of record title the nature and extent of said benefits and services."  Additionally, its complaint contained one count of unjust enrichment, one count of quantum meruit, and three specific damage counts, seeking payment on the invoices billed to each of the Defendants.  The unjust enrichment and quantum meruit claims sought payment from the Defendants for the benefits and services they had accepted from Miller Lakes without payment.

---

[1] Miller Lakes conceded that the Schmitts rely upon a separate sewer system.

{¶4}    The Coopers answered Miller Lakes' complaint, and the Schmitts and the Wighams both answered and filed counterclaims against Miller Lakes.  The Schmitts set forth claims for breach of contract, quasi-contract/unjust enrichment/quantum meruit, adverse possession, deed reformation, and declaratory relief.  In seeking a declaration, they asked the court to declare:

> (i) that [Miller Lakes] may not charge any maintenance fee or related expenses or costs to the Schmitts, (ii) that the Schmitts are entitled to be reimbursed for their expenses in maintaining and repairing Miller Lake Road and related areas, and (iii) that [Miller Lakes] has a duty to maintain portions of Miller Lake Road and related areas including but not limited to the drainage ditch and pipe.

Similarly, the Wighams asked the court to declare that they were not obligated to maintain the common areas of Miller Lakes or to pay Miller Lakes for "any maintenance fees, costs or related expenses incurred by Miller Lakes for the maintenance and upkeep of any common areas or related services located in or around Miller Lake[] [R]oad."  They also set forth a claim for unjust enrichment/quantum meruit, seeking damages because they had, with Miller Lakes' knowledge, "performed benefits and services on real property owned by Miller Lakes in the form of mowing, fertilizing, landscaping, tree trimming, leaf removal and other benefits which improved real property owned by Miller Lakes."

{¶5}    Following discovery, Miller Lakes sought summary judgment: (1) against all the Defendants on its own claims for declaratory relief, unjust enrichment, and quantum meruit; (2) against the Schmitts on all of their counterclaims; and (3) against the Wighams on their claim for declaratory relief.  Miller Lakes did not seek summary judgment on its specific damage counts or on the Wighams' counterclaim for unjust enrichment/quantum meruit.  The Schmitts, the Wighams, and the Coopers all separately sought summary judgment against Miller Lakes on all of Miller Lakes' claims against them.  Additionally, the Wighams sought summary judgment

against Miller Lakes on their counterclaim for declaratory relief. The Wighams did not seek summary judgment on their counterclaim for unjust enrichment/quantum meruit.

{¶6} The trial court sought to resolve the parties' claims by way of journal entry on November 19, 2009, and on September 23, 2011. Both of the court's entries prompted appeals that this Court ultimately dismissed for lack of a final, appealable order. *See Miller Lakes Community Servs. Assn., Inc. v. Schmitt* ("*Miller Lakes I*"), 9th Dist. Wayne No. 09CA0076, 2011-Ohio-1295; *Miller Lakes Community Servs. Assn., Inc. v. Schmitt* ("*Miller Lakes II*"), 9th Dist. Wayne No. 11CA0053, 2012-Ohio-5116. After this Court's second remand, the trial court issued a third journal entry. It is from this third journal entry that Miller Lakes now appeals. Miller Lakes raises seven assignments of error for our review, which we decline to restate here.

## II.

{¶7} As we stated in our prior decisions dismissing the attempted appeals in this matter,

> [t]his Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). This Court has jurisdiction to hear appeals only from final judgments. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02. In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. No. 2930-M, 2000 WL 109108 (Jan. 26, 2000).

*Miller Lakes II* at ¶ 7, quoting *Miller Lakes I* at ¶ 12. "[A]n order that fails to rule 'on all of the issues surrounding the award, leaving nothing outstanding for future determination,' is not a final, appealable order." (Internal quotations omitted.) *Miller Lakes II* at ¶ 7, quoting *Carnegie Cos., Inc. v. Summit Properties, Inc.*, 183 Ohio App.3d 770, 2009-Ohio-4655, ¶ 18 (9th Dist.). Having reviewed the record, we must once again unfortunately conclude that the trial court's judgment entry is not final and appealable. That is because "(1) it failed to sufficiently declare

the parties' rights and obligations with respect to the claims for declaratory judgment, and (2) it failed to properly dispose of claims which were intertwined with the claims for declaratory judgment." *Miller Lakes II* at ¶ 7.

**Declaratory Judgment**

{¶8}   Miller Lakes, the Schmitts, and the Wighams all sought declaratory relief. Where a party requests a declaratory judgment, "courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * * The declaration may be either affirmative or negative in form and effect. The declaration has the effect of a final judgment or decree." R.C. 2721.02(A). "[I]n order to properly enter judgment in a declaratory judgment action, the trial court must set forth its construction of the disputed document or law, and must expressly declare the parties' respective rights and obligations. If the trial court fails to fulfill these requirements, its judgment is not final and appealable." *Miller Lakes I* at ¶ 15, quoting *Revis v. Ohio Chamber Ballet*, 9th Dist. Summit No. 24696, 2010-Ohio-2201, ¶ 38 (Dickinson, J., concurring in judgment only). For clarification purposes, we will separately outline the declaratory relief sought by each of the parties who pursued that claim for relief.

Miller Lakes

{¶9}   In its complaint, Miller Lakes outlined multiple key benefits and services that the Defendants had allegedly enjoyed at its expense. Those benefits and services were described as:

- Access to an easement across Miller Lake Road

- Snow removal

- Road maintenance

- Water line maintenance

- Sewer line maintenance

- Access to and use of the water lines

- Access to and use of the sewer lines (except the Schmitts)

- Access to and use of the water hydrants

- Access to and use of the utilities

- Fire, emergency response, and law enforcement access and protection

- "[A]ny other benefits provided by the common properties at Miller Lake"

With regard to those benefits and services, Miller Lakes asked the court to make the following declarations:

- Miller Lakes was required to maintain, repair, and/or replace the aforementioned common properties

- The Defendants were "required to share proportionately in accordance with their ownership interest, all costs and expenses necessary to maintain, repair and/or replace the shared benefits described in the complaint"

- "[F]urther declaratory relief as may be deemed necessary to clarify as a matter of record title the nature and extent of said benefits and services."

The Schmitts

{¶10} In their counterclaim, the Schmitts described the following areas of property as being relevant to their claims against Miller Lakes:

- Miller Lake Road;

- A "private roadway loop known as The Trees"

- The "common areas" of Miller Lakes

- A drainage ditch and pipe

- "[O]ther areas that run along Miller Lake Road."

The Schmitts described how they had maintained Miller Lake Road, the drainage ditch and pipe, and "related areas" over the years because Miller Lakes had not done so. They further alleged that, over the years, Miller Lakes had never charged them for any maintenance, repair, or replacement fees. The Schmitts asked the court to declare that:

- Miller Lakes had no right to charge them any maintenance fees, related expenses, or costs

- Miller Lakes had a duty to maintain portions of Miller Lake Road

- Miller Lakes had a duty to maintain "related areas including but not limited to the drainage ditch and pipe"

- They were entitled to reimbursement from Miller Lakes for the expenses they incurred "in maintaining and repairing Miller Lake Road and related areas."

The Wighams

{¶11} In their counterclaim, the Wighams briefly described how, since acquiring title to their property, they had maintained and improved certain "real property owned by Miller Lakes." David Wigham later described that real property in his affidavit as "the unpaved portions of Miller Lake Road owned by [Miller Lakes] that is adjacent to our property." The Wighams alleged that, over the years, Miller Lakes had never charged them or their predecessors in title any maintenance, repair, or replacement fees. They asked the court to declare that they were not obligated to pay Miller Lakes "any maintenance fees, costs or related expenses incurred by Miller Lakes for the maintenance and upkeep of any common areas and related services located in or around Miller Lake[] [R]oad."

Analysis

{¶12} In *Miller Lakes II*, this Court concluded that the trial court's 2011 judgment entry "was ineffective in resolving the claim and counterclaims for declaratory judgment" because it (1) "did not fully set forth the construction of the deeds or the law on which [the court] based its decision," and (2) "did [not] fully or expressly declare the rights and obligations of the parties." *Miller Lakes II*, 2012-Ohio-5116, at ¶ 12. We specified that the court had not fully set forth its construction of the deeds or law at issue because it had based its decision strictly upon the conclusion that Miller Lakes, through its course of conduct, had waived its right to collect any payments from the Defendants. *Id.* at ¶ 9. We noted that the foregoing determination did not resolve the questions of whether (1) Miller Lakes had an obligation to perform the services at issue in the case, and (2) the Defendants had a right to enjoy the benefits arising from those services. *Id.*

{¶13} With respect to fully or expressly declaring the rights and obligations of the parties, this Court held in *Miller II* that the trial court's declaration was ineffective because it only pertained to Miller Lake Road. *Id.* at ¶ 10. We noted that the court had failed to address obligations beyond the road, such as who bore the obligation to maintain, repair and/or replace the drainage ditch and pipe at issue in the Schmitts' counterclaim. Further, we held that the court had not "expressly determine[d] the scope of the [Defendants'] rights to the 'shared benefits,' as was requested in Miller Lakes' complaint." *Id.* at ¶ 11. We later specified that one of those shared benefits was "access to the utilities maintained by Miller Lakes." *Id.* at ¶ 15.

{¶14} Upon review of the judgment entry at issue in this appeal, it is evident that the trial court attempted to address the deficiencies noted by this Court in *Miller II*. The trial court found that, per its Amended Declaration of Covenants, Conditions, and Restrictions for Miller

Lakes Development, Miller Lakes was obligated "to maintain the common property of [Miller Lakes], including Miller Lake Road * * *, and the contiguous property, including the drainage ditch and underground property on the north side of Miller Lake Road." It further found that all of the Defendants had access easements across Miller Lake Road in their deeds, but that, with respect to any maintenance obligation, the Wighams' and the Coopers' deeds were silent and the Schmitts' deed contained unclear terms. Having found that the deeds were either silent or unclear as to their terms, the court then looked to the conduct of the parties to determine their respective obligations.

{¶15} With regard to the Wighams and the Coopers, the court found that Miller Lakes had never charged them for any repair or maintenance to Miller Lake Road, drainage ditches, or utility lines. Meanwhile, Miller Lakes had enjoyed their "general upkeep [of] the surrounding land on Miller Lake Road at no cost to Miller Lakes." With regard to the Schmitts, the court also found that Miller Lakes had never charged them for any repair or maintenance of Miller Lake Road or "general maintenance to the surrounding area." Meanwhile, Miller Lakes had enjoyed their "general maintenance [of] the surrounding area" at no charge. The court noted that it was not addressing utilities with respect to the Schmitts because their "utility service is separate from the apparatus serving Miller Lakes, and Miller Lakes is not seeking any judgment regarding the underlying utility lines from the Schmitts." The court concluded that

> the [Defendants] maintain their rights of ingress and egress including fire and emergency response access and law enforcement access and protection. In addition, [the] Defendants are obligated to maintain the land surrounding Miller Lake Road consistent with the upkeep and maintenance performed on the land prior to this lawsuit. This is to include lawn maintenance, snow removal, leaf removal, and other such care and maintenance to the land to keep it in good condition at no cost to Miller Lakes. Miller Lakes is required to maintain and repair the portions of Miller Lake Road described in the Defendants['] easements including the cost of widening the road * * *. Additionally, Miller Lakes will be responsible for the maintenance and repair of the drainage ditches next to the

road, the underlying water and utility lines (for the Coopers and Wighams), and the repair of the road itself.

Additionally, the court concluded that, "[b]ased on the conduct of the parties, none of the parties were unjustly enriched and none of the parties are obligated to pay for services already performed."

{¶16} Although the trial court declared many of the obligations and rights of the parties, we cannot conclude that the court expressly declared the full scope of Miller Lakes' obligations or "of the [Defendants'] rights to the 'shared benefits,' as was requested in Miller Lakes' complaint." *Miller Lakes II*, 2012-Ohio-5116, at ¶ 11. One of the areas that the Schmitts claimed Miller Lakes had a duty to maintain was a "private roadway loop known as The Trees." Although the record contains some evidence that The Trees became the property of the Schmitts at some point, the Schmitts' counterclaim specifically alleges a duty on the part of Miller Lakes to maintain The Trees. Indeed, the Schmitts brought a breach of contract counterclaim against Miller Lakes on the basis that it had failed to maintain both Miller Lake Road and The Trees. In seeking a declaratory judgment, the Schmitts asked the court to declare that Miller Lakes had a duty to maintain Miller Lake Road "and related areas including but not limited to the drainage ditch and pipe." While the court expressly determined that Miller Lakes had a duty to maintain Miller Lake Road and the drainage ditch, its entry failed to make any mention of The Trees. It also failed to expressly declare that Miller Lakes was obligated to maintain the pipe referenced in the Schmitts' counterclaim.

{¶17} With regard to the scope of the Defendants' rights to the benefits and services outlined in Miller Lakes' complaint, the trial court's entry largely focused on expressing the obligations of the parties. The court did not specify whether the parties had the reciprocal right to enjoy the benefit or service at issue. For instance, the trial court found that Miller Lakes had a

duty to maintain and repair the underlying water and utility lines with respect to the Coopers and the Wighams,[2] but never expressly declared that the Defendants had the right to "access [] the utilities maintained by Miller Lakes." *Miller Lakes II* at ¶ 15. In seeking a declaratory judgment, Miller Lakes specifically described the Defendants as receiving benefits or services in the form of access to and use of the water lines, access to and use of the sewer lines (except the Schmitts), access to and use of the water hydrants, access to and use of the utilities, and "any other benefits provided by the common properties at Miller Lakes." The court's 2013 judgment entry does not expressly declare "the scope of the [Defendants'] rights to the 'shared benefits,' as was requested in Miller Lakes' complaint." *Id.* at ¶ 11.

{¶18} In sum, the trial court's 2013 judgment entry "was ineffective in resolving the claim and counterclaims for declaratory judgment, as it did not * * * fully or expressly declare the rights and obligations of the parties." *Id.* at ¶ 12.

**Inextricably Intertwined Claims**

{¶19} At the conclusion of its 2013 judgment entry, the trial court acknowledged that the parties also maintained claims of unjust enrichment, quantum meruit, and damages. It further acknowledged that those additional claims were intertwined with the claims for declaratory relief. *See id.* at ¶ 15-16. The court held that, based on its declaratory judgment decision, "the rights and obligations of each of the parties effectively terminate the intertwined claims. These claims are now moot." The court then dismissed those claims and concluded that "there is no just reason for delay."

---

[2] The trial court did not determine whether Miller Lakes had any obligation to maintain or repair any of the Schmitts' utilities because it found that the Schmitts had a separate utility service and that Miller Lakes was not "seeking any judgment regarding the underlying utility lines from the Schmitts." We note that Miller Lakes only ever conceded in its complaint that the Schmitts used a separate sewer system.

{¶20} In regard to a judgment upon multiple claims or in cases involving multiple parties, Civ.R. 54(B), provides, in relevant part:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

"Notwithstanding the trial court's employment of the language that 'there is no just cause for delay,' this Court will not review judgments that fail to determine claims that are 'inextricably intertwined' with the claim(s) upon which the trial court has purported to issue final judgment." *Miller Lakes II* at ¶ 14, quoting *Miller Lakes I*, 2011-Ohio-1295, at ¶ 19.

{¶21} As discussed above, the 2013 judgment entry

> did not expressly determine the [full] scope of Miller Lakes' obligations or the rights of the homeowners to enjoy the benefits arising from such obligations. As Miller Lakes' claims for unjust enrichment and quantum meruit were dependent upon the Appellees' rights to utilize the "shared benefits" as set forth in its complaint, including access to the utilities maintained by Miller Lakes, the claims for unjust enrichment and quantum meruit were intertwined with the determination of *the scope of the benefits* to which Appellees had a right to enjoy.

(Emphasis sic.) *Miller Lakes II* at ¶ 15. Accordingly, the trial court's use of Civ.R. 54(B) language in its entry was ineffectual to create an immediately appealable order with regard to the unjust enrichment and quantum meruit claims. *See id.* at ¶ 15-17.

{¶22} The breadth of the trial court's 2013 judgment entry is also unclear to this Court. The trial court described the parties' intertwined claims as "claims of unjust enrichment, quantum meruit *and damages*" and concluded those claims were moot. (Emphasis added.) The Schmitts, in particular, alleged more than one claim for damages. Specifically, they sought damages on their counterclaims for breach of contract and quasi-contract/unjust enrichment/quantum meruit. While the trial court discussed the latter counterclaim, it did not

discuss the Schmitts' counterclaim for breach of contract; a counterclaim upon which Miller Lakes moved for summary judgment. On the one hand, the trial court held that the parties' claims for damages were moot. On the other hand, it failed to state whether it was either granting or denying Miller Lakes' motion for summary judgment on any of the Schmitts' counterclaims.

{¶23} As set forth above, the Schmitts' breach of contract counterclaim sought damages based on Miller Lakes' failure to maintain both Miller Lakes Road and "the private roadway loop known as The Trees." The trial court did not address The Trees in its judgment entry. To ascertain the Schmitts' entitlement to damages on their breach of contract counterclaim, it would have been necessary for the court to expressly declare the scope of Miller Lakes' obligation to maintain, repair, and/or replace both Miller Lake Road and The Trees. Thus, the viability of the Schmitts' counterclaim for breach of contract was dependent upon an express determination of Miller Lakes' obligations with respect to both Miller Lake Road and The Trees.

{¶24} "[B]ased upon the dependency of the above claims and counterclaims on the express declaration of the parties['] rights and obligations, the Civ.R. 54(B) language was ineffectual to create an immediately appealable order when the claims and counterclaim remained pending." *Miller Lakes II*, 2012-Ohio-5116, at ¶ 17.

III.

{¶25} Miller Lakes has not appealed from a final, appealable order. Accordingly, the appeal is dismissed for lack of jurisdiction.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JAMES M. RICHARD, Attorney at Law, for Appellant.

TIMOTHY B. PETTORINI, Attorney at Law, for Appellees.

ROBERT J. REYNOLDS, Attorney at Law, for Appellees.

ROBERT D. KEHOE, Attorney at Law, for Appellees.