[Cite as *Roman v. Kalk*, 2018-Ohio-2502.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| JOHN ROMAN, et al. | | C.A. No.    28712 |
| Appellants | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DANIEL KALK | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | | CASE No.    CV-2015-07-3575 |

DECISION AND JOURNAL ENTRY

Dated: June 27, 2018

CARR, Judge.

{¶1}    Plaintiffs-Appellants John and Patricia Roman ("the Romans") have attempted to appeal from the judgment of the Summit County Court of Common Pleas. This Court dismisses the attempted appeal for lack of jurisdiction.

I.

{¶2}    This action involves a dispute between neighboring landowners in Hudson. The parcels at issue, which are now known as permanent parcel numbers 30-02392 and 30-03773, were previously owned as one property. Parts of those parcels contained an area that was used as a pet cemetery. In 1989, a Declaration of Restrictions was recorded which placed certain restrictions on portions of the parcels. The purpose of the restrictions was to limit a portion of the parcels for use as a pet cemetery in accordance with R.C. 961.02. According to the document, the restricted land "shall be held, used, occupied and conveyed only for such purposes as are usual and normal for the operation of a pet cemetery." It further states that "[t]his

Declaration is being made in accordance with [R.C.] 961.02 * * * and the restrictions herein imposed shall be deemed a covenant and not a condition and shall run with the land and shall bind all owners, and may be removed only as provided in [R.C.] 961.05 * * *."

{¶3}    In 2012, Defendant-Appellee Friends of Pet Cemetery Association ("FOPCA") purchased permanent parcel number 30-03773 and in 2014, the Romans purchased permanent parcel number 30-02392.    Prior to the Romans' purchase of parcel 30-02392, in 2014, Defendant-Appellee Daniel Kalk, the president of FOPCA, filed an "Affidavit of Facts Relating to Title[.]"  That document indicated that a little over 4.25 acres was encumbered by the 1989 Declaration of Restrictions and that .25 acres of that encumbered land was located on parcel 30-02392; the parcel now owned by the Romans.  The document also states that two buildings straddle the boundary line between the two parcels and notes that there are gravesites on the property now owned by the Romans.  The two buildings mentioned in the affidavit appear to be a barn and an office.

{¶4}    In 2015, the Romans filed a complaint against FOPCA and Mr. Kalk.  In the first count, the Romans sought to remove the deed restriction from two portions of the restricted area of their parcel pursuant to R.C. 961.05.  In the second count, the Romans sought removal of Mr. Kalk's affidavit, which they asserted contained false information.  Count three contained a claim for trespass and count four sought an injunction, alleging FOPCA had violated various laws, including those involving the disposal and burial of dead animals.  In count five, the Romans sought a declaratory judgment related to the ownership of a barn that is located on the boundary of the two parcels.  The Romans sought a declaration that they owned the entire barn and possessed an easement over the adjacent property for access, use, and maintenance of the barn.

{¶5} FOPCA and Mr. Kalk answered the complaint and FOPCA filed a counterclaim seeking declaratory judgment. FOPCA sought the following declarations:

1. A Declaration that a real controversy, justiciable in nature exists between Plaintiffs and FOPCA, for which speedy relief is necessary to the preservation of rights that may otherwise be impaired, and to terminate the uncertainty or controversy giving rise to this Counterclaim;

2. A Declaration by this Court the Declaration of Restrictions is valid, enforceable, and applicable to Parcel 30-02392;

3. A Declaration by this Court that FOPCA has a right, license, easement, or legal entitlement permitting FOPCA to have unrestricted access to the portion of Plaintiff's property subject to the Declaration of Restrictions for pet cemetery purposes;

4. A Declaration by this Court that the office building located on Plaintiff's land may be used for no purpose other than for pet cemetery purposes;

5. A Declaration by this Court that the barn partially located on Plaintiff's land may be used for no purpose other than for pet cemetery purposes;

6. A Declaration by this Court that FOPCA is the owner of the portion of the barn located on parcel 30-03773;

7. A Declaration by this Court that no graves on restricted lands be disturbed;

8. A Declaration by this Court that the portion of parcel 30-2392 that is covered by the Declarations of Restrictions can be used by Plaintiffs only for pet cemetery purposes;

9. A Declaration by this Court that neither Plaintiffs nor their successors or assigns are entitled to removal of all or any portion of the Declaration of Restrictions unless Plaintiffs are able to comply with Chapter 961 of the Ohio Revised Code in all respects;

10. A Declaration that Plaintiffs do not operate a pet cemetery.

{¶6} Thereafter discovery disputes ensued, including one involving information related to gravesites located on the Romans' property. Ultimately, the trial court ruled that FOPCA and Mr. Kalk would have to produce the information to the court for an in camera review and preservation of the record. The trial court indicated that the protective order put in place by the

magistrate would remain in place, noting that it could be lifted upon the demonstration of the applicability of the information to the litigation. Subsequently, the trial court did order the release of certain portions of the information it received in camera.

{¶7} The Romans filed a motion for summary judgment on counts one through three of their complaint and FOPCA and Mr. Kalk filed a motion for summary on all counts of the Romans' complaint. In addition, FOPCA filed a motion for summary judgment on its counterclaim. The trial court denied the Romans' motion for summary judgment and granted FOPCA's and Mr. Kalk's motion for summary judgment on the complaint. Additionally, the trial court granted FOPCA's motion for summary judgment on its counterclaim. In the entry, the trial court included a certification pursuant to Civ.R. 54(B).

{¶8} The Romans have appealed, raising five assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING THE ROMANS' MOTION FOR SUMMARY JUDGMENT AND IN GRANTING FOPCA'S MOTION FOR SUMMARY JUDGMENT[.]

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN FINDING THAT FOPCA HAD AN IMPLIED EASEMENT, AND THE DECISION, AS WRITTEN, CONSTITUTES AN[] IMPROPER TAKING[.]

### ASSIGNMENT OF ERROR III

THE TRIAL COURT'S DECISION SHOULD BE OVERTURNED BECAUSE IT VIOLATES THE STATUTE OF FRAUDS[.]

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN UPHOLDING R.C. [] 961, WHICH SHOULD BE DEEMED VOID FOR VAGUENESS[.]

## ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED IN STRIKING MOTIONS AND IN PREVENTING THE ROMANS FROM CONDUCTING PROPER DISCOVERY.

{¶9} Before addressing the Romans' assignments of error, we pause to address whether we have jurisdiction over this matter.

{¶10} This Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). "This Court has jurisdiction to hear appeals only from final judgments. In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction." (Internal quotations and citations omitted.) *Miller Lakes Community Servs. Assn. v. Schmitt*, 9th Dist. Wayne No. 09CA0076, 2011-Ohio-1295, ¶ 12.

{¶11} R.C. 2721.02(A) addresses declaratory judgment actions and states, in relevant part, that "courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * * The declaration may be either affirmative or negative in form and effect. The declaration has the effect of a final judgment or decree." "In declaratory judgment actions, merely entering judgment in favor of one party, without further elaboration, does not constitute a final judgment sufficient to give this Court jurisdiction over an appeal. If the trial court fails to expressly declare the parties' respective rights and obligations, its judgment is not final and appealable." (Internal quotations and citations omitted.) *Gargasz v. Lorain Cty.,* 9th Dist. Lorain No. 12CA010215, 2013-Ohio-1218, ¶ 6. "[I]n order to properly enter judgment in a declaratory judgment action, the trial court must set forth its construction of the disputed document or law, and must expressly declare the parties' respective rights and obligations. If the trial court fails to fulfill these requirements, its judgment is not final and appealable." (Internal

quotations and citations omitted.) *Miller Lakes Community Assn. v. Schmitt*, 9th Dist. Wayne No. 11CA0053, 2012-Ohio-5116, ¶ 8. If the trial court only partially declares the rights and obligations of the parties, the trial court fails to resolve the claim for declaratory judgment. *See id.* at ¶ 11-12.

{¶12} As noted above, the Romans sought a declaration that they owned the entire barn and possessed an easement over the adjacent property for access, use, and maintenance of the barn. Whereas, FOPCA sought the following declarations in its counterclaim:

1. A Declaration that a real controversy, justiciable in nature exists between Plaintiffs and FOPCA, for which speedy relief is necessary to the preservation of rights that may otherwise be impaired, and to terminate the uncertainty or controversy giving rise to this Counterclaim;

2. A Declaration by this Court the Declaration of Restrictions is valid, enforceable, and applicable to Parcel 30-02392;

3. A Declaration by this Court that FOPCA has a right, license, easement, or legal entitlement permitting FOPCA to have unrestricted access to the portion of Plaintiff's property subject to the Declaration of Restrictions for pet cemetery purposes;

4. A Declaration by this Court that the office building located on Plaintiff's land may be used for no purpose other than for pet cemetery purposes;

5. A Declaration by this Court that the barn partially located on Plaintiff's land may be used for no purpose other than for pet cemetery purposes;

6. A Declaration by this Court that FOPCA is the owner of the portion of the barn located on parcel 30-03773;

7. A Declaration by this Court that no graves on restricted lands be disturbed;

8. A Declaration by this Court that the portion of parcel 30-2392 that is covered by the Declarations of Restrictions can be used by Plaintiffs only for pet cemetery purposes;

9. A Declaration by this Court that neither Plaintiffs nor their successors or assigns are entitled to removal of all or any portion of the Declaration of Restrictions unless Plaintiffs are able to comply with Chapter 961 of the Ohio Revised Code in all respects;

10. A Declaration that Plaintiffs do not operate a pet cemetery.

{¶13}  The trial court, in its judgment entry ruling on FOPCA's counterclaim, did make some of the declarations FOCPA sought in its counterclaim.  The trial court found the 1989 Declaration of Restrictions to be valid and enforceable, found that FOPCA had an implied easement over the .25 acres of the Romans' property encumbered by the deed restriction for the operation of a pet cemetery, found that FOPCA was entitled to access the .25 acres of the Romans' property for purposes of operating the pet cemetery, found that the Romans' were bound by the restrictions as written, and found that the Romans were not operators of the pet cemetery.

{¶14}  In granting summary judgment to Mr. Kalk and FOPCA on count five of the complaint and in concluding that the Romans could not succeed on their request for declaratory judgment, the trial court stated that,

> [u]pon review, the Court finds that evidence does exist to support Plaintiffs' claim that they are the sole owners of the barn in question.  However, the evidence further establishes that any portion of the barn located on Plaintiffs' property is also located in the restricted area.  Accordingly, Plaintiffs may only utilize the barn in a manner consistent with the deed restriction.  Plaintiffs have admitted that they do not operate a pet cemetery and, therefore, Plaintiffs have no reason or right to access, use or maintain the barn for pet cemetery purposes.  The Court finds Plaintiffs cannot prevail on their request for declaratory judgment as to the barn, and Defendants' request for summary judgment on this issue is granted.

{¶15}  From this, it appears that the trial court found that the Romans were not entitled to an easement to access the portion of the barn on FOPCA's property and that the barn must be used for pet cemetery purposes.  However, it is unclear whether the trial court found the Romans to be the sole owners of the barn.  The trial court stated there was evidence that the Romans were the sole owners of the barn but it also found that the Romans could not succeed on their requests

for declaratory relief, despite one of the requests being a declaration that the Romans owned the entire barn.

{¶16} If the trial court did find that the Romans owned the entire barn, then the trial court also would have resolved FOPCA's request for a declaration that FOPCA owned the portion of the barn on its property. However, if the trial court instead found that the Romans did not own the entire barn, FOPCA's claim for declaratory relief with respect to ownership of the barn would not be resolved.

{¶17} After carefully considering the entire judgment entry, we cannot say that the trial court fully and expressly declared the rights and obligations of the parties. *See Miller Lakes Community Assn.,* 2012-Ohio-5116, at ¶ 12. The trial court's entry does not mention the office building (*see* FOPCA's request 4), it does not indicate whether the restricted area of the Romans' property can be used by the Romans for any purpose other than pet cemetery purposes (*see* FOPCA's request 8), or address whether the graves in the restricted area can be disturbed (*see* FOPCA's request 7). Accordingly, the trial court failed to fully resolve the counterclaim for declaratory relief. Additionally, while it appears that the trial court attempted to resolve count five of the complaint, it did not fully do so. Thus, this Court lacks jurisdiction over issues related to the counterclaim for declaratory relief and count five of the complaint.

{¶18} Nonetheless, the trial court did insert Civ.R. 54(B) language into its entry, and, thus, we must examine whether a portion of the appeal can be addressed. Pursuant to Civ.R. 54(B):

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order

or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶19} The use of Civ.R. 54(B) language can transform a final order into a final appealable order. *See Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 354 (1993). "In deciding that there is no just reason for delay, the trial judge makes what is essentially a factual determination – whether an interlocutory appeal is consistent with the interests of sound judicial administration, i.e., whether it leads to judicial economy." *Id.* at 355. "[W]here the record indicates that the interests of sound judicial administration could be served by a finding of 'no just reason for delay,' the trial court's certification determination must stand." *Id.* "Trial courts, however, should be careful not to breach the duty entrusted to them, and should avoid a mechanical application of the Civ.R. 54(B) language." *Id.*

{¶20} Here, in light of our conclusion that the counterclaim for declaratory relief has not been resolved and count five of the complaint has not been fully resolved, we cannot say that an interlocutory appeal in this matter would lead to judicial economy. It is apparent that the trial court thought it had resolved the entire action and thus, the insertion of Civ.R. 54(B) language was mechanical or reflexive. *See Wisintainer* at 356. As the majority of the issues relate in some way to the counterclaim for declaratory relief, we see no basis in concluding that judicial economy is served by the trial court's certification.

III.

{¶21} The attempted appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

CHRISTOPHER A. TIPPING and KATHLEEN A. HAHNER, Attorneys at Law, for Appellants.

CARL E. PATRICK, Attorney at Law, for Appellants.

DONALD G. DRINKO, RICHARD C.O. REZIE, and JOSEPH MONROE, Attorneys at Law, for Appellees.